**Ruben DURON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 0568–96.

Court of Criminal Appeals of Texas, En Banc.

Oct. 8, 1997.

Winston E. Cochran, Jr., Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MEYERS, Judge.

More than a decade ago, the people of Texas and their elected representatives attempted to overcome years of charging instrument case law through constitutional amendment and related legislation. It was the consensus of lay and professional opinion that defects in the pleading of indictments and informations ought not to affect the jurisdiction of trial courts to proceed with an adjudication of guilt. The most widely-held view was that, contrary to long-standing judicial interpretation, the ends of criminal justice would best be served by providing that convictions not be reversed on account of any pleading defects which were not called to the attention of the court prior to trial. In 1985, a statute to this effect was enacted. Tex. Code Crim Proc. art. 1.14(b).

But from the beginning, the meaning and effect of this statute were unclear. Although art. 1.14(b) plainly provided that failure to object before trial to the form or substance of an "indictment or information" forfeited the right of a defendant to complain about it on appeal, there remained considerable disagreement about whether this rule applied to an accusatory pleading which only purported to be, but was not in fact, an "indictment or information" as defined in the Texas Constitution. *See* TEX. CONST. art. V, § 12. Thus, it was argued, a pleading which did not actually charge "a person with the commission of an offense" was not an "indictment or infor-

mation" at all within the meaning of the Texas Constitution, and that any conviction based upon such an instrument was, therefore, not merely defective or irregular but absolutely void. After some five years of litigation in the intermediate appellate courts, we held in *Studer v. State,* 799 S.W.2d 263, 272 (Tex.Crim.Proc.1990), that the constitutional mandate that an indictment "charge an offense" does not mean "that each element of the offense must be alleged . . ." It has been argued that *Studer*'s holding necessarily means that a pleading need not charge the "commission of an offense" to qualify as an indictment or information under the Texas Constitution. *Studer,* 799 S.W.2d at 293 (Clinton, J., dissenting); *Cook v. State,* 902 S.W.2d 471, 483 (Tex.Crim.App.1995)(Meyers, J., dissenting). Indeed, later case law, citing *Studer,* only requires that an indictment *purport* to charge an offense in order to vest the trial court with jurisdiction, implying, perhaps, that an indictment no longer need actually charge an offense. *Ex parte Gibson,* 800 S.W.2d 548, 551 (Tex.Crim.App.1990); *Ex parte Morris,* 800 S.W.2d 225, 227 (Tex.Crim. App.1990).

But this Court has gleaned a different meaning from *Studer* and its progeny. In *Cook v. State,* 902 S.W.2d 471 (Tex.Crim.App. 1995), we revisited the very argument advanced five years before in *Studer,* that an instrument purporting to be an indictment or information is not really an indictment or information unless it actually charges "a person with the commission of an offense." In *Cook,* however, this argument was directed, not at failure of the purported pleading to charge an offense, but at its failure to charge a person. We accepted the argument, expressly holding that "to comprise an indictment within the meaning provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." 902 S.W.2d at 476. Because the written instrument in *Cook* did not allege the identity of any person, we held that it was not an indictment or information and the trial court had therefore never acquired jurisdiction to adjudicate Cook guilty of any criminal offense. Accordingly, we reversed his conviction and ordered that the purported charging instrument be dismissed.

Thus, in *Cook,* we emphasized that a written instrument must charge a person with the commission of an offense in order to qualify as an indictment. But we did not elaborate upon this basic constitutional definition of an indictment. The only indication of what it meant to charge a person "with the commission of an offense", in fact, came not in the majority opinion, but in Judge Maloney's concurring opinion. Joining the Court, Judge Maloney stated that:

> . . . [i]f enough is alleged to enable the identification of an offense for purposes of subject matter jurisdiction under the constitution, but the allegations are nevertheless deficient so that technically it does not appear than an offense was committed, there is a waivable defect of substance.

*Cook,* 902 S.W.2d at 483 (Tex.Crim.App.1995)(Maloney, J., concurring). Judge Maloney's understanding of *Studer* was inspired, at least in part, by *Fisher v. State,* 887 S.W.2d 49 (Tex.Crim. App.1994). *See Cook,* 902 S.W.2d at 480 (Clinton, J., concurring) and 481 (Maloney, J., concurring) and 484 (Meyers, J., dissenting). In *Fisher* we addressed the problem of measuring the sufficiency of evidence against jury charges that, after *Studer,* could no longer be assumed to incorporate indictments that alleged all the elements of the offense charged. There we held that the sufficiency of evidence to support a conviction under an instrument which does not charge all the elements of an offense should be measured on appeal against the statutory offense which the State intended to charge, at least if it is possible to determine from the face of the instrument which statutory offense the State really intended. *Fisher,* 887 S.W.2d at 55.

But the Court in *Fisher* never squarely addressed the question of what need be in a written instrument before that instrument may be considered an indictment. Although Judge Maloney suggested an answer in *Cook,* he did not speak for the Court. And so, confusion on the topic persists.

As this Court noted in *Studer,* the legislative history behind the 1985 amendment and

its attendant legislation indicates that those changes meant to preserve a written instrument as an indictment even "though it be flawed by matter of substance ..." *Studer*, 799 S.W.2d at 271. But, as we emphasized in *Cook*, not all "indictment" defects are matters of substance such that a defendant must object to them before trial or lose his right to complain about them on appeal. Some defects, instead, remove the written instrument from the ambit of art. 1.14(b) because they render the instrument a non-indictment. *Cook*, 902 S.W.2d at 478. Judge Maloney understood those defects to be of the type that would make it impossible for the defendant to know with what offense he had been charged. The legislative history behind the 1985 changes supports this understanding:

> In essence what this [proposal] does is [to redefine] what an indictment is. And [it] actually defines it in fairly specific terms as to what ... an indictment is supposed to do ... Obviously, it is still important that each and every person charged with an offense know what he is charged with. The definition under the [proposal] would do that. It would advise that person essentially what he is charged with, but you don't have to worry about whether you described the car sufficiently, or the weapon sufficiently, or those things, as long as it gives some kind of notice of what the charge is.

G. Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform*, 38 Baylor L.Rev. 1, at 39–40, n. 137 (Winter 1986), *citing* Hearing on Tex. H.R.J. Res. 7 Before the House Comm. On Criminal Jurisprudence, 69th Leg., (Feb. 18, 1985)(tape recording available from the Texas legislature).

■ This understanding is also in keeping with a defendant's TEX. CONST. art. I, § 10 rights to a grand jury screening. *Id.* at 43.

Under art. I, § 10, a defendant has a right to have a grand jury pass upon the question of whether there is probable cause to believe that he committed a particular offense.[1] *See* TEX. CONST. art. I, § 10, interp. commentary. A defendant also has a right, under art. V, § 12, to the presentment of an indictment from that grand jury. *Id.* While we have never expressly stated that the indictment must reflect the grand jury's assessment that there is probable cause to believe that the defendant committed a particular offense, this becomes apparent when the two rights are juxtaposed. This is so because the written indictment most directly evidences that the proper grand jury screening has taken place. The effect upon these rights, the right to a grand jury screening and the right to have that screening reflected in a written instrument, by our interpretation of "indictment" under art. V, § 12 is obvious. If we allow a written instrument to stand as an indictment even when it does not contain enough information to point to the offense charged, then we seriously undermine a defendant's art. I, § 10 rights to have the grand jury's screening reflected in the indictment, and in so doing, a defendant also loses his assurance that the appropriate screening has taken place.[2] But in *Cook v. State*, 902 S.W.2d at 478, we stated that, to the extent possible, we ought not define an indictment under art. V, § 12 in such a way that we render a defendant's art. I, § 10 rights to a grand jury screening meaningless. Recognizing this sentiment, we today adopt as law the suggestion, made by both Professor Dix and Judge Maloney, that a written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instru-

---

1. Our case law indicates that art. I, § 10 is concerned not only with the particular statutory offense, but also with the specific incident of that statutory offense. *Flowers v. State*, 815 S.W.2d 724, 729 (Tex.Crim.App.1991).

2. It may be argued that a defendant can protect his art. I, § 10 rights by merely objecting to the indictment prior to trial as required by art. 1.14(b). But we have held that a defendant's art.

I, § 10 rights to a grand jury indictment are not forfeited by the failure to object. *King v. State*, 473 S.W.2d 43 (Tex.Crim.App.1971)(The right to a grand jury indictment may be expressly waived but cannot be lost merely upon the failure to object); *See also Ex Parte Long*, 910 S.W.2d 485, 487 (Tex.Crim.App.1995) (Meyers, J., concurring).

ment is otherwise defective. *See* Dix, *Cook,* 902 S.W.2d at 483 (Maloney, J., concurring).[3]

■ In the instant cause, we are once again asked to hold that a purported indictment is not really an indictment because it does not charge "the commission of an offense." But unlike our earlier cases, this complaint is directed against a written instrument which does allege on its face all of the statutory elements comprising a criminal offense under the Texas Penal Code. It charges that appellant, acting with intent to arouse his own sexual desire, had sexual contact with a child younger than seventeen years of age who was not his spouse. These allegations contain all of the statutory elements of indecency with a child. *See* Texas Penal Code § 21.11(a)(1). But, according to appellant, the instrument also contains factual allegations establishing, if true, that he is not guilty of indecency with a child. It alleges that the sexual contact between appellant and the child occurred when appellant rubbed his penis between her legs. Appellant argues that, because the law defines "sexual contact" only as "any touching of the anus, breast, or any part of the genitals of another person," and because legs are not included, the purported indictment does not actually charge the commission of an offense and is not, therefore, an indictment so as to confer jurisdiction on the trial court. The First Court of Appeals disagreed, holding that the written instrument was, indeed, an indictment because it was returned by a grand jury, purported to charge the appellant with the offense of indecency with a child, and was facially an indictment.

The court of appeals did not err. The instant cause does not involve a charging instrument which is even arguably defective on account of its failure to include one or more allegations necessary to give notice of the statutory offense with which the defendant was charged. As we have come to hold today, this is all that *Studer* and *Cook* require to satisfy the mandate of Art. V, § 12 that an indictment charge "the commission of an offense." This is true whether an indictment fails to allege one element of an offense or whether it contains additional information that may indicate innocence. Thus, regardless of the inclusion of factual allegations that arguably evidence appellant's innocence, there is no doubt that the State intended to accuse appellant of indecency with a child, and appellant does not claim otherwise.

The judgment of the court of appeals is therefore affirmed.

MANSFIELD, Judge, concurring.

Texas Constitution, Article V, § 12 provides:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments, including their contents, amendment, sufficiency and requisites are provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Texas Code of Criminal Procedure article 1.14 provides:

> (b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error or

---

**3.** If it is true that, under art. I, § 10, a defendant has the right to demand that the grand jury pass not only on whether there is probable cause that he committed a particular statutory offense, but on whether there is probable cause that he committed a particular statutory offense on a specific day and time, then it might be argued that a defendant has a right to have those details reflected in the indictment. *See Flowers, supra.* But to require that amount of specificity would undermine art. V, § 12 as recently amended.

Of course, a defendant may complain, for the first time on appeal, that the specific incident of a statutory offense for which he was convicted differs from the specific incident (of the same statutory offense) for which he was indicted, but he cannot complain, for the first time on appeal, that the indictment is defective in that it did not reflect those details (and, thus, did not allow him to know what specific incident the grand jury passed upon). Pursuant to art. 1.14(b), he must make that objection before trial.

irregularity and he may not raise the objection on appeal or in any post conviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this Code.

An indictment, therefore, must, to be constitutionally valid, be a written instrument which charges "a person" with "the commission of an offense." An indictment serves two functions. First, the filing of an indictment is what vests the trial court with jurisdiction over a felony offense. *Labelle v. State,* 720 S.W.2d 101, 106 (Tex.Crim.App. 1986); *Thompson v. State,* 697 S.W.2d 413, 415 (Tex.Crim.App.1985); *King v. State,* 473 S.W.2d 43, 47 (Tex.Crim.App.1971). Second, it gives notice to the defendant of the offense of which he has been charged so that he can prepare a defense. *Saathoff v. State,* 891 S.W.2d 264, 266 (Tex.Crim.App.1994); *Evans v. State,* 623 S.W.2d 924, 925 (Tex.Crim.App. 1981).

In *Cook v. State,* 902 S.W.2d 471 (Tex. Crim.App.1995), we held that a written instrument which fails to charge "a person" with an offense is not an indictment as defined by Article V, § 12(b) and Article I, Section 10 of the Texas Constitution.[1] We held:

> Accordingly, to constitute an indictment as required by Article V, § 12(b) and Article I, Section 10, a charging instrument must at least charge "a person" with the "commission of an offense." If the charging instrument completely fails to charge "a person" then it is not an indictment and does not invest the trial court with jurisdiction. Moreover, because a valid indictment is essential for jurisdiction, the lack of same is not subject to waiver under Article 1.14(b) due to a failure to make a timely objection to the indictment. *Cook, supra,* at 479–480 (citations and footnotes omitted).

Therefore, an indictment which fails to name "a person" is not an indictment under the Texas Constitution and its validity may be challenged on appeal even if no timely objection under Article 1.14(b) to it was made before the date on which appellant's trial commenced.

*Studer v. State,* 799 S.W.2d 263 (Tex.Crim. App.1990), addresses the second requirement under the Texas Constitution that must be met for an indictment to qualify as such: that it "charge an offense." In *Studer,* this Court held that while an indictment, to be valid, must charge "an offense," it does not have to allege all of the elements of that offense for it to pass constitutional muster. The failure to include one or more elements of the offense in the indictment, while a defect of substance, is not a defect of constitutional magnitude causing the indictment not to be an indictment under Texas Constitution Article V, § 12 *provided* the indictment charges an identifiable offense under the Texas Penal Code. In effect, an indictment which merely omits one or more elements of the offense charged is defective as being incomplete; such defects are waived if not timely raised in the manner prescribed under Article 1.14(b). *Studer, supra,* at 268; *Cook, supra,* at 477; *Rodriguez v. State,* 799 S.W.2d 301, 303 (Tex.Crim.App.1990); *Ex parte Morris,* 800 S.W.2d 225, 227 (Tex.Crim. App.1990).

In the present case, the indictment contains the essential elements of the offense of indecency with a child. Tex. Penal Code § 21.11(a)(1). It charges appellant with that offense, and meets all of the requirements to be a facially valid indictment. The indictment describes the sexual contact between appellant and the complainant as consisting only of contact between the complainant's legs and appellant's penis. Appellant contends the indictment is constitutionally void *ab initio* because legs are not referenced in the definition of "sexual contact" under Texas Penal Code § 21.01(2). This contention is without merit.[2] As correctly stated in the

---

**1.** In *Cook* the offense charged was theft of over $20,000 in United States currency. The charging instrument properly described the offense charge but failed to name the person charged with said offense.

**2.** This language may well have been successfully challenged via a timely motion to quash under Article 1.14(b) as being defective.

opinion of the Court, *Studer* and *Cook* require an indictment merely to charge "a person" with "the commission of an offense" to satisfy Article V, § 12. An indictment is not constitutionally defective merely because it fails to allege one or more elements of the charged offense or contains language, as here, that may indicate innocence. Furthermore, appellant does *not* demonstrate the indictment was so defective as to deny him the ability to prepare his defense and thereby denied him of his right to due process and due course of law under Article I, Section 19 of the Texas Constitution. *See Adams v. Texas,* 707 S.W.2d 900 (Tex.Crim.App.1986).

With these comments, I join the opinion of the Court.

WOMACK, Judge, concurring.

The question in this case is whether the appellant, who did not object to the indictment before trial, may raise on appeal a claim that the indictment does not charge an offense. I believe that he may not. The Court holds that he may, because some indictments are not indictments, thereby resurrecting the doctrine of the fundamentally defective indictment.

On June 21, 1994 this indictment was presented:

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, **RUBEN DURON, JR.,** hereafter styled the Defendant, on or about **APRIL 2, 1994,** did then and there unlawfully, with intent to arouse the sexual desire of the Defendant, have sexual contact with [A.B.], hereafter styled the Complainant, a child under the age of seventeen years and not his spouse, by rubbing his penis between [A.B.'s] legs,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREPERSON        177TH
[signature]

---

FOREMAN OF THE GRAND JURY

1. Tex.Code Crim. Proc. art. 27.03.

The appellant made no motion to set aside,[1] exception to,[2] or other objection to, the indictment.

On September 22, 1994 the appellant waived his right to trial by jury with the consent of the State; he pleaded guilty, and he made a written, judicial confession in the terms of the indictment. There was no agreement that the State would recommend a certain punishment or restrict its argument. The appellant filed a written motion for community supervision. The case was continued to December 9. A pre-sentence investigation report was prepared. On December 9, 1994 the court found the appellant guilty and, after hearing evidence and argument and considering the pre-sentence report, sentenced the appellant to two years' imprisonment. The appellant gave notice of appeal and remained at large on appeal bond.

The appellant's first point of error was that the indictment failed to allege the offense of indecency with a child. A divided panel of the court of appeals held that the appellant waived his claim because he did not object before trial. *Duron v. State,* 915 S.W.2d 920 (Tex.App.—Houston [1st] 1996). We granted discretionary review on the question of waiver.

This Court's predecessor, the Court of Appeals, held in its first term that an appeal could be based on an error in the substance of an indictment to which no objection had been made at trial.

> Whatever is essential to the gravamen of the indictment must be set out particularly, and whenever it clearly appears in the record that the defendant has been convicted on an indictment that is clearly defective in substance, although, as in the present case, neither exception, motion, nor assignment of error is presented on behalf of appellant, it will be held insufficient to support a conviction.

*White v. State,* 1 Tex.App. 211, 215 (1876) (burglary indictment failed to set out the elements of the intended theft). Eventually this Court held that a judgment based on such an indictment was "void, rather than

2. Tex.Code Crim. Proc. arts. 27.08 & 27.09.

voidable," and could be attacked for the first time in collateral proceedings as well as appeals. *Standley v. State,* 517 S.W.2d 538, 541 (Tex.Cr.App.1975). Such indictments were "fundamentally defective." *Ibid.* Untold thousands of judgments were reversed or set aside for pleading errors which had not been pointed out to the trial court.

Legislative attempts to reform pleading practice were unavailing. The Court of Appeals held that the constitutional requirement of an "indictment" [3] meant an indictment that was pleaded under the practice at the time the Constitution of 1876 was adopted—that is, one that had all the essential elements. *Williams v. State,* 12 Tex. App. 395 (1882). Therefore an indictment that did not charge an offense was not an "indictment" in terms of the constitution.[4]

The appellant makes the same argument in this case:

> [A]n indictment must charge an offense. The Texas Constitution says so. *See Cook [v. State,* 902 S.W.2d 471 (Tex.Cr.App. 1995),] at 477, citing *Studer [v. State,* 799 S.W.2d 263 (Tex.Cr.App.1990),] at 272. Here the indictment on its face does not charge a violation of Section 21.11, but rather charges specific conduct which is not within the scope of "sexual conduct."

Appellant's Brief at 21–22. As another court said in response to an argument that the law was not changed by a constitutional amendment, "[T]he people of the state adopted the amendment for the purpose of ridding the state of the incubus which the construction contended for had saddled upon it." *Harris County v. Stewart,* 91 Tex. 133, 141–42, 41 S.W. 650, 655 (1897).

The same argument that the appellant presents was rejected in *Studer v. State, supra.* This Court held that the appellant's argument cannot prevail after the 1985 amendment to Article V, Section 12(b) of the Texas Constitution, which now reads:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an of-

fense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

The amendment was specifically intended to undo the doctrine of the fundamentally defective indictment, as this Court explained in detail in *Studer v. State, supra,* at 268–72. "In conclusion then, the language in Art. V, § 12, 'charging a person with the commission of an offense,' does not mean, under this analysis, that each element of the offense must be alleged in order to have an indictment or information as contemplated by Art V, § 12." *Id.* at 272.

Legislation which accompanied the constitutional amendment enacted Tex.Code.Crim. Proc. art. 1.14(b):

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

The Court says that "the meaning and effect of this statute were unclear." *Ante* at 548. There is nothing unclear about it. As we held in *Studer v. State, supra,* the constitutional amendment and its accompanying legislation mean that a defendant waives the right to appeal a defect of substance in an indictment if he does not raise an objection before trial:

---

3. Tex. Const. art. I, § 10.

4. *See also State v. Sims,* 43 Tex. 521 (1875) (indictment also required by Tex. Const. art. V,

§ 12 to conclude "Against the peace and dignity of the State").

When Art. V., § 12 is read in conjunction with the code provisions regulating the practices and procedures governing charging instruments, it is clear the amendment to [Code of Criminal Procedure] Art. 1.14 did not change what constitutes a substance defect, but rather only its effect. The change in Art. 1.14(b) requires, among other things, that substance exceptions be raised pre-trial or otherwise the accused has forfeited his right to raise the objection on appeal or by collateral attack. If omitting an element from an indictment is still a defect of substance in an indictment, it naturally follows that the indictment is still an indictment despite the omission of that element.

*Studer v. State, supra,* at 268.

The Court's resurrection of the fundamentally-defective indictment doctrine is made in complete disregard of the will of the people, which they have expressed directly through amendment of the Constitution and indirectly through the enactment of Article 1.14.

I do not know what the people of this state, their legislators, and their governor can do to eliminate this pernicious doctrine. The argument that an indictment is not an indictment if it has a defect seems irresistible. I believe that if this Court were abolished, its chambers demolished, the ground plowed up, and the site paved over, one day a crack would appear in the concrete, and through that crack a black-robed arm would thrust an opinion that says, "We hold that the indictment in this case was not an indictment."

The Court reaches the right result in this case, but for reasons that are obviously wrong. The conviction in this case is affirmed, but make no mistake—after it will come the renewed deluge of convictions set aside for no good reason.

McCORMICK, P.J., and KELLER J., join this concurrence.

