Jesse CASTRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–136–CR.

Court of Appeals of Texas,
Corpus Christi.

May 21, 1998.

Rehearing Overruled June 18, 1998.

Rene B. Gonzalez, Brownsville, for appellant.

Yolanda De Leon, Dist. Atty., John A. Olson, Asst. County & Dist. Atty., Brownsville, for state.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

YANEZ, Justice.

Jesse Castro was charged with the offense of driving while intoxicated[1] by an information filed on August 27, 1996. After pleading not guilty, he was accorded a jury trial which resulted in a guilty verdict. By two points of error, appellant challenges the jurisdiction of the trial court to render judgment because of alleged jurisdictional defects in the charging instrument. We affirm.

By point one, appellant contends the trial court lacked jurisdiction to convict him because there was no information presented by "the attorney for the State," as required by the Texas Constitution. By his second point, appellant contends the trial court lacked jurisdiction because there was no valid complaint upon which an information could be based.

Each of appellant's points complain about an imprecise designation of the attorneys who swore to the complaint and filed the information. The complaint accompanying

---

1. Tex. Penal Code Ann. § 49.04 (Vernon 1994).

the information was sworn to and subscribed by "Gabriela Garcia, Assistant Criminal District Attorney, Cameron County Texas." The information was filed by "Luis V. Saenz, Cameron County Criminal District Attorney," and signed by Gabriela Garcia as set out above. Because there is no "Criminal District Attorney" as described in section 44.001 of the government code,[2] appellant contends that only "an attorney for the State," which in this case would be a County Attorney, would have authority to prosecute the offense under article V, section 12 of the Texas Constitution. See TEX. CONST. art. V, § 12 ("An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense."), and art. V, § 21 ("A County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county.... The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties."). Appellant makes no argument that Luis Saenz, then the District Attorney for Cameron County, or any of his assistants lacked authority to prosecute the action. His contention is that the designation of the Cameron County District Attorney as "Cameron County Criminal District Attorney" rendered invalid an otherwise valid charging instrument.

A defect in an indictment or information, whether it be of form or substance, is considered waived if it is not objected to prior to the commencement of trial. TEX. CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp.1998); Studer v. State, 799 S.W.2d 263, 268 (Tex.Crim.App.1990). So long as the instrument presented to the trial court meets the constitutional requirements of a charging instrument, a party may not complain about any other defects for the first time on appeal, as such defects are not considered jurisdictional. See Duron v. State, 956 S.W.2d 547, 549-51 (Tex.Crim.App.1997). To comprise an indictment or information within the meaning provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense with enough clarity to be able to identify the statute under which the State intends to prosecute. Id. (citing Cook v. State, 902 S.W.2d 471, 476 (Tex.Crim.App.1995)). "The presentment of an indictment or information vests the court with jurisdiction of the cause." TEX. CONST. art. V § 12.

The information in the instant case specifically charged "Jesse Castro" with the offense of operating a motor vehicle while intoxicated. As such, it satisfied the two basic constitutional requirements set out in Duron and Cook for a charging instrument necessary to vest the court with jurisdiction. Any other complaints regarding the indictment, whether of form or substance, needed to be leveled before trial commenced.

We need not specify whether defects in the complaint and the information raised by appellant are substantive or formal; we merely note that they are not such as would deprive the trial court of jurisdiction to render judgment upon their presentment. We hold, therefore, that appellant has waived each of his complaints. Points of error one and two are overruled.

The judgment of the trial court is affirmed.

**2.** This section lists a group of counties which elect "criminal district attorney[s]." TEX. GOV'T CODE ANN. § 44.001 (Vernon 1988). Cameron County is not among the group.