**The STATE of Texas, Appellant,**

v.

**David CHARDIN, Appellee.**

**No. 03–99–00437–CR.**

Court of Appeals of Texas, Austin.

March 23, 2000.

William G. Swaim, III, Asst. County Atty., Austin, for Appellant.

Christopher M. Gunter, Christopher M. Gunter, P.C., Austin, for Appellee.

Before Justices B.A. SMITH, YEAKEL and DALLY.*

CARL E.F. DALLY, Justice (Retired).

█ The State appeals from the trial court's order dismissing an information. The information alleged that appellee, as a second offender, operated a motor vehicle in a public place while intoxicated, a misdemeanor offense. *See* Tex. Penal Code Ann. §§ 49.04, .09 (West Supp.2000). However, the information included an additional paragraph alleging that "as a direct result of the defendant committing the said offense, another person, Arthur Pulido, suffered serious bodily injury." Appellant argues that this additional paragraph resulted in the allegation of a felony offense.[1] *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3697 (Tex. Penal Code Ann. § 49.07(a)(1), (c), since amended).

Appellant filed a motion to dismiss the information because the county court did not have felony jurisdiction and only had jurisdiction to dismiss the information. Appellant relied primarily on *Garcia v. Dial*, 596 S.W.2d 524, 527–28 (Tex.Crim. App.1980), a case that predated the Texas Constitutional amendment adding Article V, section 12(b). The trial court agreed with appellee, refused to allow the State to abandon the paragraph of the information that it was claimed raised the offense to a felony, and dismissed the information.

█ In its appeal, the State contends the trial court erred and abused its discretion in dismissing the information and in not allowing the State to abandon the serious bodily injury allegation so that the information would allege only a misdemeanor. When the motion to dismiss was granted, the statute of limitations prevented the State from refiling the information.

*See State v. Hall*, 829 S.W.2d 184, 187 (Tex.Crim.App.1992).

In November 1985, the Texas Constitution was amended to provide:

(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Tex. Const. art. V, § 12(b).

Prior to 1985 the Court of Criminal Appeals consistently held that substantive defects in the charging instrument failed to vest the trial court with jurisdiction. *See Cook v. State*, 902 S.W.2d 471, 476 (Tex. Crim.App.1995); *Studer v. State*, 799 S.W.2d 263, 267 (Tex.Crim.App.1990). Article V, section 12(b), as interpreted in *Studer*, changed this. "From *Studer* it follows ... a substantively defective indictment [information] is sufficient to vest the trial court with jurisdiction." *Cook*, 902 S.W.2d at 477; *see also Castro v. State*, 970 S.W.2d 699, 700 (Tex.App.—Corpus Christi 1998, pet. ref'd); *State v. Smith*, 957 S.W.2d 163, 164–65 (Tex.App.—Austin 1997, no pet.).

The Court of Criminal Appeals has cautioned courts about reliance on cases predating the 1985 amendment to the Texas Constitution and has admonished courts to appreciate that the amendment now provides in explicit terms that mere presentment of an information to the trial court

---

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The additional paragraph does not properly allege a felony offense because it does not

allege as the statute requires that the offense was committed "by accident or mistake." *See Stidman v. State*, 981 S.W.2d 227, 230 (Tex.App.—Houston [1st Dist.] 1998, no pet.).

vests that court with jurisdiction. *See Aguilar v. State,* 846 S.W.2d 318, 320 (Tex. Crim.App.1993).

Since the 1985 constitutional amendment, appellate courts have held that, absent a timely objection, trial courts have jurisdiction to try causes despite substantively defective charging instruments that failed to allege an offense by omitting an essential element of the offense charged. *See, e.g., Ex parte Morris,* 800 S.W.2d 225, 227 (Tex.Crim.App.1990); *Rodriguez v. State,* 799 S.W.2d 301, 303 (Tex.Crim.App. 1990); *Studer v. State,* 799 S.W.2d at 272.

█ The Court of Criminal Appeals has held that a trial court had jurisdiction when the charging instrument, in addition to charging an offense, also included allegations that, if true, no offense was committed. *See Duron v. State,* 956 S.W.2d 547, 551 (Tex.Crim.App.1997). "[T]o comprise an indictment [or information] within the meaning provided by the constitution, an instrument must charge: (1) a person, (2) with the commission of an offense." *Id.* at 549 (quoting *Cook,* 902 S.W.2d at 477).

█ In his brief, appellee faults the State's reasoning and argument that the county court had jurisdiction of this cause by citing the following opinion:

[A] literal reading of article V, § 12(b) could lead to absurd results. If the mere presentment of an indictment could vest jurisdiction in any court, then ... a capital murder could be properly tried in a county court. I cannot believe that such a result was the legislature's or the voter's intent.

*DeDonato v. State,* 819 S.W.2d 164, 168 (Tex.Crim.App.1991) (Maloney, J., concurring). The absurdity suggested in the *De-Donato* concurring opinion is not before us for a decision. An accused cannot be tried and convicted for a felony except on indictment of a grand jury unless the accused waives that right. *See* Tex. Const. art. I, § 10; Tex.Code Crim. Proc. Ann. arts. 1.05, 1.141 (West 1977). Appellant was not charged by indictment nor did he waive that right. Therefore, based on the charging instrument in this case, appellant could not be tried and convicted of a felony offense in any court.

Appellant was charged by information filed by the county attorney. *See* Tex. Code Crim. Proc. Ann. art. 21.20 (West 1989). Although flawed by the additional serious bodily injury allegation, the information alleged a misdemeanor offense of which the county court had jurisdiction. The information charged a person with the commission of an offense. We hold that this information vested the trial court with jurisdiction to try the misdemeanor charged and that the trial court abused its discretion in dismissing the information.

█ Appellee's motion to dismiss the information should have been construed as an exception to the information. *See* Tex. Code Crim. Proc. Ann. art. 27.02 (West 1989). An exception to the substance of an information is proper if it shows upon its face that the court trying the case has no jurisdiction thereof. *See id.* art. 27.08(4). If the exception to an information is sustained, the information may be amended and the cause may proceed upon the amended information. *See id.* art. 28.09. A matter of form or substance in an information may be amended at any time before the date of trial on the merits after notice to the defendant. *See id.* art. 28.10(a). On request of the defendant, the court shall allow the defendant not less than ten days to respond to the amended information. *See id.* art. 28.10(c). The trial court abused its discretion in dismissing the information and in not allowing the State to amend the information by abandoning the serious bodily injury allegation.

The order of the trial court is reversed, and the cause is remanded to that court for further proceedings.