In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00387-CR
_____

JAMES LYNN MAYO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-14159

## MEMORANDUM OPINION

Appellant James Lynn Mayo appeals from the trial court's judgment revoking his deferred adjudication community supervision for felony theft and sentencing him to two years in state jail. In his sole issue on appeal, Mayo argues that the trial court lacked jurisdiction to adjudicate his guilt and impose sentence because the charging instrument filed by the State did not constitute an information. We affirm the judgment of the trial court.

## Background

After signing a waiver of indictment, Mayo was charged by information with the offense of theft of copper welding materials valued at less than $20,000, a state jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4)(F) (West Supp. 2013). Mayo entered a plea of guilty to the charged offense pursuant to a plea bargain agreement. The trial court found the evidence sufficient to find Mayo guilty of felony theft, but deferred further proceedings, placed Mayo on community supervision for two years, and ordered Mayo to pay a fine of $500.

The State subsequently filed a motion to revoke Mayo's deferred adjudication community supervision. During the revocation hearing, Mayo pleaded "true" to three violations of the conditions of his community supervision. The trial court accepted Mayo's pleas of true, but reset the remainder of the hearing for three months to give Mayo an opportunity to show the trial court that he could comply with the terms of his community supervision. When Mayo failed to appear for the continuation of the revocation hearing, the trial court reset the hearing. When the trial court reconvened the hearing for the second time, it found the evidence sufficient to establish that Mayo violated the conditions of his community supervision, revoked his community supervision, found him guilty of felony theft, and sentenced him to two years in state jail. Mayo timely filed a notice of appeal.

## Sufficiency of the Charging Instrument

In his sole issue on appeal, Mayo argues that the trial court lacked jurisdiction to adjudicate his guilt and impose sentence because the charging instrument filed by the State was insufficient to constitute an information. The charging instrument of which Mayo complains stated as follows:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

I, James Huebel, do solemnly swear that I believe and have good reason to believe that on or about the 3RD day of MAY A.D., 2012, Two Thousand and Twelve, and before the making and filing of this affidavit, in the County of Jefferson and the State of Texas,

JAMES LYNN MAYO did then and there unlawfully appropriate property, by acquiring and exercising control of corporeal personal property, [namely]; copper welding leads, owned by WESTLEY HATCHER, hereafter styled the Complainant, of the value of less than Twenty Thousand Dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant,

Against the Peace and Dignity of the State.

/s/ Deborah S. Beavers
Affiant

SWORN TO AND SUBSCRIBED by James Huebel, a credible person, before me this 21st day of May, 2012 A.D., Two Thousand and Twelve.

/s/ [Assistant Criminal District Attorney]
[Assistant Criminal District Attorney]
Assistant Criminal District Attorney
Jefferson County, Texas

3

Mayo argues that once he executed the waiver of indictment, the State was required to present a valid information charging him with felony theft in order for the trial court to obtain jurisdiction over the case. He contends, however, that the charging instrument that was filed was defective because (1) it identified one person (James Huebel) as having belief of and swearing to the statements contained in the instrument, but was signed by a different person (Deborah Beavers) as "Affiant"; and (2) it did not show that it was "presented by a proper officer," as required by article 21.21(3) of the Texas Code of Criminal Procedure. Mayo argues, therefore, that the charging instrument did not constitute an information under Texas law, the trial court never acquired jurisdiction over his case, and his conviction and sentence are void.

Unless waived by the defendant, the State must obtain a grand jury indictment in a felony case. *See* Tex. Const. art. I, § 10; *Teal v. State*, 230 S.W.3d 172, 174 (Tex. Crim. App. 2007). When a defendant waives his right to be charged by indictment, the State is required to charge the defendant by information. *See* Tex. Code Crim. Proc. Ann. art. 1.141 (West 2005). "An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense." Tex. Const. art. V, § 12(b); *see also* Tex. Code Crim. Proc. Ann. art. 21.20 (West 2009). The presentment of a valid information vests the trial court with jurisdiction of the cause. Tex. Const.

art. V, § 12(b); *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993). An information is considered "presented" when it has been filed by the proper officer in the proper court. Tex. Code Crim. Proc. Ann. art. 12.07 (West 2005).

Article V, section 12(b) of the Texas Constitution establishes constitutional requisites for a charging instrument to constitute an information. *See* Tex. Const. art. V, § 12(b). Under this provision, a charging instrument is sufficient to constitute an information if it charges (1) a person, (2) with the commission of an offense. *Id.*; *Cook v. State*, 902 S.W.2d 471, 477, 479-80 (Tex. Crim. App. 1995). To charge the commission of an offense, the information is not required to allege every element of the offense, but it must "accuse[] someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute[.]" *Duron v. State*, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997); *see also Studer v. State*, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990). Further, the charging instrument must contain language such that the trial court and the defendant can determine, from the face of the instrument, that the instrument intends to charge an offense for which the trial court has subject matter jurisdiction. *See Kirkpatrick v. State*, 279 S.W.3d 324, 328-29 (Tex. Crim. App. 2009) (quoting *Teal*, 230 S.W.3d at 181-82). In addition to the constitutional requisites, the Code of Criminal Procedure sets forth certain statutory requirements for an information:

1. It shall commence, "In the name and by authority of the State of Texas";

2. That it appear to have been presented in a court having jurisdiction of the offense set forth;

3. That it appear to have been presented by the proper officer;

4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7. That the offense be set forth in plain and intelligible words;

8. That it conclude, "Against the peace and dignity of the State"; and

9. It must be signed by the district or county attorney, officially.

Tex. Code Crim. Proc. Ann. art. 21.21 (West 2009).

Generally, a defendant must object to a defect in the form or substance of an information before commencement of the trial on the merits; otherwise, the defect is waived. *See id.* art. 1.14(b) (West 2005). An exception to this rule exists, however, when the defect complained of is that the charging instrument does not satisfy one or both of the constitutional requisites for an information—i.e., that the instrument charge (1) a person (2) with the commission of an offense over which the trial court has subject matter jurisdiction. *See Teal*, 230 S.W.3d at 181-82;

6

*Duron*, 956 S.W.2d at 549; *Cook*, 902 S.W.2d at 476, 479-80. If the charging instrument does not satisfy both constitutional requisites, then it does not constitute an information at all and does not vest the trial court with jurisdiction. *See Teal*, 230 S.W.3d at 179; *Cook*, 902 S.W.2d at 479-80. A defendant may raise such defects for the first time on appeal. *See Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998); *Cook*, 902 S.W.2d at 479-80. All other defects in an information, however, are considered non-jurisdictional and are waived unless timely raised by the defendant prior to trial. *See Castro v. State*, 970 S.W.2d 699, 700 (Tex. App.—Corpus Christi 1998, pet. ref'd).

The charging instrument in the present case specifically charged "JAMES LYNN MAYO" with the offense of "unlawfully appropriat[ing] property, by acquiring and exercising control of corporeal personal property, [namely] copper welding leads, owned by WESTLEY HATCHER, hereafter styled the Complainant, of the value of less than Twenty Thousand Dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant[.]" Section 31.03 of the Penal Code, which governs the offense of theft, provides, in relevant part:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

> (b) Appropriation of property is unlawful if:

>> (1) it is without the owner's effective consent[.]

7

Tex. Penal Code Ann. § 31.03(a)-(b)(1). Section 31.03 further provides that an offense under this section is a state jail felony if the value of the stolen property is less than $20,000 and the property stolen is copper. *Id*. § 31.03(e)(4)(F)(iii). We find that the allegations in the charging instrument regarding the charged offense were alleged with sufficient clarity and specificity to allow the reader to identify the penal statute under which the State intended to prosecute. *See Duron*, 956 S.W.2d at 550. In addition, the allegations in the charging instrument were sufficient to charge a felony offense, over which the district court in this case had subject matter jurisdiction. *See* Tex. Penal Code Ann. § 31.03(e)(4)(F)(iii); Tex. Code Crim. Proc. Ann. art. 4.05 (West 2005); *Teal*, 230 S.W.3d at 181-82. Accordingly, the charging instrument presented by the State charged a person with the commission of an offense over which the trial court had subject matter jurisdiction. *See* Tex. Const. art. V, § 12(b). The charging instrument, therefore, constitutes an information within the meaning of the Texas Constitution. *See id.; Teal*, 230 S.W.3d at 181-82; *Cook*, 902 S.W.2d at 477, 479-80; *Duron*, 956 S.W.2d at 550.

Nevertheless, Mayo argues that the charging instrument does not constitute an information because it is in the form of an invalid affidavit. Specifically, he complains that the instrument identifies one person as having belief of and swearing to the statements accusing Mayo of committing a criminal offense, but is

8

signed by a different person as "Affiant." In addressing this argument, we initially note that the charging instrument that was filed in this case appears to have been presented as a combined information and complaint.[1]  *See Ex parte Thomas*, 234 S.W.3d 656, 662 (Tex. App.—Beaumont 2007, no pet.).  As a general rule, an information may not be presented until an affidavit, typically in the form of a complaint, has been made by some credible person charging the defendant with an offense.  *See* Tex. Code Crim. Proc. Ann. art. 21.22 (West 2009).  A complaint is an affidavit made before the magistrate or district or county attorney that charges the commission of an offense.  *See id.* art. 15.04 (West 2005).  The requisites of a complaint are as follows:

> 1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.
>
> 2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.
>
> 3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.
>
> 4. It must be signed by the affiant by writing his name or affixing his mark.

---

[1] In *Ex parte Thomas*, we noted that the different requirements for an information and a complaint suggest that the documents are to be separate; however, we also noted that nothing in the Code of Criminal Procedure prohibits combining an information and complaint into one document, and any objection to combining an information and a complaint must be made prior to trial or it is waived.  234 S.W.3d at 663.

*Id.* art. 15.05. However, because Mayo signed a waiver of indictment, the State was not required to file a complaint. *See Chapple v. State*, 521 S.W.2d 280, 282 (Tex. Crim. App. 1975) (holding that a complaint is not required when a defendant executes a waiver of indictment and elects to be charged by information). Therefore, even though the charging instrument in this case was apparently presented as a combined information and complaint, it only needed to satisfy the requirements of an information. *See id.* Neither the Texas Constitution nor the Code of Criminal Procedure requires an information to be in the form of an affidavit or to be signed by anyone other than the district or county attorney. *See* Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 21.21. Accordingly, the failure of the charging instrument to be in the form of a valid affidavit does not render the instrument insufficient to constitute an information. Further, we conclude that Mayo was required to object to any such alleged defect prior to pleading guilty to theft. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b). Because Mayo raised his objection for the first time on appeal, he has waived his objection to this alleged defect. *Id.*

Mayo also argues that the charging instrument in the present case does not constitute an information because it does not "appear to have been presented by the proper officer," as required by article 21.21(3) of the Code of Criminal Procedure. In making this argument, Mayo does not dispute that the charging instrument was,

10

in fact, properly presented – i.e., filed by the proper attorney for the State in a court with subject matter jurisdiction to consider the charges. *See* Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. arts. 12.07, 21.20; *Studer*, 799 S.W.2d at 273 ("Once presented to the trial court 'by an attorney for the State', the trial court obtained jurisdiction of the cause."). Instead, Mayo argues that the information must show, on its face, that it was presented by the prosecuting attorney, and not by the complainant or a third party. In support of this position, Mayo cites article 21.21(3) of the Code of Criminal Procedure, as well as *Sams v. State*, 160 S.W.2d 265, 265-66 (Tex. Crim. App. 1942) (reversing conviction because the portion of the information on which the conviction was based was in the form of an affidavit by a third party and did not state that it was presented by the prosecuting attorney), *Walton v. State*, 284 S.W.2d 373, 374 (Tex. Crim. App. 1955) (reversing conviction because the enhancement paragraphs on which the conviction was partially based were in the form of an affidavit by the prosecuting attorney and did "not appear to have been *presented* by the prosecuting attorney"), and *Gaines v. State*, 361 S.W.2d 389, 390 (Tex. Crim. App. 1962) (reversing conviction because the information on which the conviction was based "was not presented by the prosecuting attorney but was in the form of an affidavit by the affiant, who signed the complaint.").

11

In the present case, the allegations in the charging instrument accusing Mayo of committing the offense of theft are made by the purported affidavit of a third party and not by the presentment of the prosecuting attorney. Therefore, we agree with Mayo that the charging instrument in the present case appears to suffer from the same defect that was present in the informations in *Sams*, *Walton*, and *Gaines*. Although the Court in *Sams*, *Walton*, and *Gaines* held that such a defect requires reversal of the judgment of conviction, each of those cases was decided prior to 1985.

Before 1985, a charging instrument that contained a substantive defect failed to vest the trial court with jurisdiction and could be challenged for the first time on appeal or in a post-conviction application for writ of habeas corpus. *See Teal*, 230 S.W.3d at 175; *Patterson*, 969 S.W.2d at 19. A substantive defect was considered a fundamental error, and any conviction based on the charging instrument was void. *Studer*, 799 S.W.2d at 267. By contrast, defects of form were not considered fundamental errors, and a defect of form that did not prejudice a defendant's substantial rights could be waived if not properly brought to the trial court's attention. *See Teal*, 230 S.W.3d at 175; *Thomas*, 234 S.W.3d at 660. As a result, numerous court decisions "exhaustively debated the fine technical distinctions between defects of form and those of substance" and "reversed convictions years

12

after the fact for defects of substance in the indictment." *Teal*, 230 S.W.3d at 175-76.

Amendments to the Texas Constitution and the Code of Criminal Procedure in 1985, however, changed the law. *Thomas*, 234 S.W.3d at 660. Specifically, amendments to the Texas Constitution defined the terms "indictment" and "information" and authorized the Legislature to prescribe by statute the effects of substantive defects in an indictment or information. *See* Tex. Const. art. V, § 12(b); *see also Cook*, 902 S.W.2d at 476. As part of the same reform package, the Legislature amended the Code of Criminal Procedure to provide that a defect in the form or substance in an indictment or information is waived if no objection is made prior to the commencement of the trial on the merits. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); *see also Teal*, 230 S.W.3d at 176; *Cook*, 902 S.W.2d at 476. The Legislature's purpose in amending the Texas Constitution and the Code of Criminal Procedure "was to change the focus from whether a defect is fundamental [i.e. a defect of substance or not] to whether the defendant brought the defect to the court's attention." *Teal*, 230 S.W.3d at 177 (internal quotations omitted); *see also Thomas*, 234 S.W.3d at 660. As noted above, the Court of Criminal Appeals has recognized only two categories of defects that are excepted from this rule and that can be raised for the first time on appeal: (1) the failure of the indictment or information to charge a person, and (2) the failure of the

13

indictment or information to charge the commission of an offense over which the trial court has subject matter jurisdiction.  *See Teal*, 230 S.W.3d at 181-82; *Duron*, 956 S.W.2d at 549; *Cook*, 902 S.W.2d at 476, 479-80.

Based on the 1985 amendments to the Texas Constitution and the Code of Criminal Procedure, a defendant must object before trial to the absence of proper presentment language in an information in order to preserve error for appellate review.  *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); *Thomas*, 234 S.W.3d at 660, 663. Because the record does not show that Mayo objected to the absence of proper presentment language in the charging instrument prior to entering his guilty plea, Mayo waived his objection to this defect.  *See* Tex. Code Crim. Proc. Ann. art. 1.14(b).

We overrule Mayo's sole issue and affirm the judgment of the trial court.

AFFIRMED .

_____
CHARLES KREGER
Justice

Submitted on April 9, 2014
Opinion Delivered July 9, 2014
Do not publish

Before Kreger, Horton, and Johnson, JJ.

14