# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00702-CR

**Wesley Eugene Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-14-212016, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wesley Eugene Perkins was charged by information with the offense of fleeing or attempting to elude a police officer, a Class B misdemeanor. *See* Tex. Transp. Code § 545.421. Following a jury trial in the county court at law, Perkins was found guilty of the charged offense. The court assessed punishment at 60 days' confinement in the Travis County jail. Perkins, appearing pro se, brought this appeal. We will affirm the judgment of conviction.

## BACKGROUND

Officer Domingo Rodriguez, an officer with the City of Austin Police Department, testified that on July 24, 2014 he was on patrol on Westgate Boulevard when he observed Perkins driving at a speed that he perceived to be over the posted speed limit. Officer Rodriguez then confirmed Perkins's speed using his radar, made a u-turn, turned on his overhead lights, and attempted to conduct a traffic stop of Perkins's vehicle. Officer Rodriguez was driving a black and

white Ford SUV marked with large police emblems on both the driver's side and passenger's side doors. Officer Rodriguez caught up to Perkins's car one block after making the u-turn. Despite Officer Rodriguez's police vehicle being directly behind him with activated overhead emergency lights and flashing headlights, Perkins passed several places where he could have safely pulled over. After traveling one block, Officer Rodriguez started intermittently activating his siren, but Perkins still did not stop. Officer Rodriguez then used his public announcement speaker to command that Perkins pull over, but Perkins did not do so. Officer Rodriguez then turned on his siren and followed Perkins for four more city blocks before Perkins finally came to a stop. Officer Rodriguez testified that Perkins traveled a total of eight city blocks in a residential area, passing at least eight side streets, before coming to a stop in a shopping center.

After pulling into a parking space, Perkins got out of his car and approached Officer Rodriguez's vehicle. Officer Rodriguez testified that he does not like it when people get out of their vehicles without being asked during a traffic stop because he does not know what the person's state of mind is or whether the person might have a weapon. When Perkins came toward Officer Rodriguez, he immediately arrested him for eluding a police officer. Officer Rodriguez testified that when he asked Perkins why he did not pull over on one of the side streets, Perkins only stated that there may have been plenty of side streets on which to pull over but that he was trying to get to the parking lot.

At trial, Perkins took the stand and testified that on July 24, 2014 he was not moving persons or property from one place to another for hire in the state and therefore was not engaged in "transportation" as he defines that word. According to Perkins, "transportation"

requires a "commercial element" and because he was not engaged in commerce, he was not "in transportation." Perkins also testified that he did not consent to being in commerce, and did not consent to "the presumption that [he was] operating a motor vehicle," which he "denies at all times." On cross-examination Perkins agreed that Officer Rodriguez activated his lights and his siren and signaled for Perkins to pull over. He also agreed that rather than pull over immediately he traveled about half a mile before doing so. Perkins stated that he did not disagree with Officer Rodriguez's account of the events but that his defense to the offense charged was that he was not subject to the Texas Transportation Code because he was not "in commerce" and was not "moving persons or property from one place to another for hire" and therefore was not engaged in "transportation."

The jury found that Perkins was guilty of the offense of fleeing or attempting to elude a police officer. The court assessed punishment at 60 days' confinement in the Travis County jail. Perkins then perfected this appeal and filed a brief in which he identifies 22 appellate issues. Even construed liberally, the arguments presented in Perkins's numerous issues and sub-issues are confusing, repetitive, and in many instances incomprehensible.[1] The brief is similar in substance to previous briefs Perkins has submitted to this Court in appeals from convictions for violating other provisions of the Texas Transportation Code. *See Perkins v. State*, No. 03-14-00733-CR, 2016 WL 691265 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (mem. op., not designated for publication) (appeal from conviction of driving while license invalid); *Perkins v. State*, Nos. 03-14-

---

[1] Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To do otherwise would give pro se litigants an unfair advantage over litigants represented by an attorney. *Id.*

00305-00310-CR, 2015 WL 3941572 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication) (appeal from convictions of driving with expired registration, driving with expired inspection sticker, and failing to maintain financial responsibility).[2] In this opinion we will address the three essential arguments Perkins raised in his 22 issues challenging his conviction, namely that (1) the trial court did not have subject-matter jurisdiction over the case because Perkins was not engaged in "transportation" such that he could properly be charged with an offense included in the Texas Transportation Code, (2) the trial court did not have personal jurisdiction over him because he was not served with an indictment, and (3) there was no evidence supporting the judgment of conviction because there was no evidence that Perkins was engaged in "transportation" as he defines that term.[3]

### *Subject-Matter Jurisdiction*

Perkins argues that he was not engaged in an activity constituting his definition of "transportation" and, consequently, could not have been in violation of any provision of the Texas Transportation Code, including section 545.421. He maintains that, for this reason, the trial court did not have subject-matter jurisdiction over the case. According to Perkins, in order for his activity

---

[2] In one of the two cases we declined to grant the State's motion to hold Perkins in contempt and assess sanctions for filing baseless and groundless pleadings but we cautioned Perkins that repetition of arguments similar to those presented in this brief could result in sanctions. *See Perkins v. State*, Nos. 03-14-00305-00310-CR, 2015 WL 3941572, at *5 n.8 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication). The State has not requested sanctions in this appeal.

[3] Other various complaints in Perkins's brief depend on this Court's adopting Perkins's definition of "transportation," which we have previously rejected, are inadequately briefed, or do not constitute comprehensible legal arguments that could support reversing the trial court's judgment of conviction for the charged offense.

to constitute "transportation" it must be done "for profit or hire" and must involve "carrying passengers or cargo." Perkins argues that because the statute he was charged with violating is found in the Texas *Transportation* Code, it applies only to activities involving commercial activity and thus does not extend to individuals who are not operating their cars for profit or hire and who are not carrying passengers or cargo.

The definition of "transportation" is irrelevant to the offense for which Perkins was charged. A person commits the offense of fleeing or attempting to elude a police officer if:

> the person operates a motor vehicle and fails or refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop.

*See* Tex. Transp. Code § 545.421(a). The word "transportation" is not used in the statute. Nor is being engaged in some activity deemed to be "transportation" an element of the offense. Relying on his own definition of "transportation," Perkins argues that the Toyota Prius he was driving could not be a "vehicle" under the Texas Transportation Code since there was no "transportation" involved, and therefore he could not have been found to be operating a motor vehicle. We have previously rejected the arguments Perkins repeats here to support his definition of "transportation." *See Perkins v. State*, 2015 WL 3941572, at *3. We overrule Perkins's challenge to the trial court's subject-matter jurisdiction over this case.[4]

---

[4] We also overrule Perkins's complaint that the transfer of his case from County Court at Law Number 6 to County Court at Law Number 3 was invalid because the transferring court did not have subject-matter jurisdiction over the case.

*Personal Jurisdiction*

Perkins argues that the trial court did not have personal jurisdiction over him because he was charged with a felony by information instead of by indictment. The offense with which Perkins was charged, however, was a Class B misdemeanor. *See* Tex. Transp. Code § 545.421(c). Thus Perkins was properly charged by information. The right to an indictment extends only to felonies. *See* Tex. Const. art. I, § 10; Tex. Code Crim. Proc. arts. 1.05, 1.141; *State v. Chardin*, 14 S.W.3d 829, 831 (Tex. App.—Austin 2000, pet. ref'd) ("An accused cannot be tried and convicted for a felony except on indictment of a grand jury unless the accused waives that right."). We overrule Perkins's challenge to the court's exercise of personal jurisdiction over him.

Relatedly, Perkins asserts that his due process rights were violated because he was charged by information filed with the court and not served. *See* Tex. Code Crim. Proc. art. 25.04 ("In misdemeanors, it shall not be necessary before trial to furnish the accused with a copy of the indictment or information; but he or his counsel may demand a copy, which shall be given as early as possible."). The record reflects, however, that Perkins knew he was charged with fleeing or attempting to elude a police officer. Perkins signed a cash bond that stated he was charged with fleeing a police officer and filed a "Waiver of Attorney" form, albeit intentionally crossing out the words "I am fully aware of the charges against me." Perkins also filed numerous pre-trial motions including a special appearance, a document titled "Assertion of Rights," and other motions containing arguments similar to those he makes on appeal. The reporter's record contains a statement from counsel for the State that he offered to reduce the charge to a Class C misdemeanor with deferred disposition if Perkins would pay a small fine and stay out of trouble for six months, after

6

which the case would be dismissed. Perkins declined that offer. It is apparent from the record that Perkins was aware of the offense he was charged with and participated fully in the proceedings. Perkins has not demonstrated that he was deprived of his right to due process.

### *Sufficiency of the Evidence Supporting Conviction*

Perkins also asserts that there is insufficient evidence to support the judgment of conviction. Perkins does not dispute Officer Rodriguez's testimony, from which a rational trier of fact could have found the essential elements of the offense of fleeing or attempting to elude a police officer. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (standard for legal sufficiency). Instead, Perkins argues that because the State failed to prove "transportation," as he defines that term, he could not have been found to have committed the charged offense. For the reasons already stated when discussing the court's subject-matter jurisdiction, we reject Perkins's argument that the State was required to adduce evidence that he was engaged in "transportation" as he defines the term, i.e., the commercial enterprise of moving people or cargo for profit or hire, in order to prove the elements of the offense of fleeing or attempting to elude a police officer. The judgment of conviction is supported by legally sufficient evidence.

### CONCLUSION

The trial court had subject-matter jurisdiction to render a judgment in this case. Perkins was properly charged by information with the offense of fleeing or attempting to elude a police officer. The State presented undisputed evidence sufficient for a reasonable juror to find each of the elements of the charged offense. The trial court properly rendered judgment on the jury's

7

verdict and was authorized to assess punishment at 60 days' confinement in the Travis County jail.

We overrule all of Perkins's appellate issues and affirm the judgment of conviction.[5]

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 11, 2016

Do Not Publish

---

[5] We overrule Perkins's request to supplement the record with a letter dated June 14, 2016 from Perkins to the Texas Department of Motor Vehicles regarding disposition of Perkins's Toyota Prius.  We dismiss as moot Perkins's motions to strike letters from the Clerk of this Court requesting that Perkins file a docketing statement and an amended notice of appeal.