

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0086-18

**DEONDRE J. JENKINS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTH COURT OF APPEALS BEXAR COUNTY

**KELLER, P.J., filed a concurring opinion.**

It is good that the Court holds that *Cook*[1] has been implicitly disavowed by our more recent cases. Unfortunately, I cannot join the Court's opinion because it is mistaken in describing our holding in *Cook*. Contrary to the Court's opinion, we did not hold that the omission of Cook's name in the charging instrument caused his conviction to be void. The charging instrument in *Cook* did not just fail to name the defendant. In a poorly-worded sentence fragment, it entirely failed to allege that anyone, named or unnamed, committed the offense. It alleged that on or about:

---

[1] *Cook v. State*, 902 S.W.2d 471 (Tex. Crim. App. 1995).

1ST day of June 1987, hereinafter referred to as defendant, with intent to deprive the
owner [engaged in the illegal conduct];[2]

This case is not like *Cook*. The charging instrument in this case, in a complete sentence, alleged that

a person, albeit an unnamed person, committed the offense. It alleged that on or about a certain date:

in Bexar County, Texas, *the defendant* engaged two or more times in [the illegal
conduct...[3]

The Court errs in accepting the premise that a conviction is void if the charging instrument

fails to name a specific person. As unsound as *Cook* was, even it did not go that far. Under the

Court's opinion, the conviction in this case would be void if Appellant's name had not happened to

appear elsewhere on the charging instrument. This is just the kind of result that the 1985 amendment

to Article V, Section 12(b) of the Texas Constitution, and the enactment of Tex. Code Crim. Proc.

1.14(b) were intended to eliminate.

In his concurring opinion in *Duron v. State*, Judge Paul Womack opposed the idea that a

defect can cause an indictment to not be an indictment.[4] He argued that the Court's resurrection of

the "fundamentally-defective indictment doctrine" was made "in complete disregard of the will of

the people, which they have expressed directly through amendment of the Constitution and indirectly

through the enactment of Article 1.14."[5] He continued:

I do not know what the people of this state, their legislators, and their governor can
do to eliminate this pernicious doctrine. The argument that an indictment is not an
indictment if it has a defect seems irresistible. I believe that if this Court were

---

[2] *Id.* at 474.

[3] Emphasis added.

[4] 956 S.W.2d 547, 553-55 (Tex. Crim. App. 1997) (Womack, J. concurring).

[5] *Id.* at 555.

abolished, its chambers demolished, the ground plowed up, and the site paved over, one day a crack would appear in the concrete, and through that crack a black-robed arm would thrust an opinion that says, 'We hold that the indictment in this case was not an indictment.'[6]

I concur in the Court's judgment, but I do not join its reasoning.

Filed: December 5, 2018

Publish

---

[6] *Id.*