Walter Gene Parson

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-494-CR

WALTER GENE PARSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Walter Gene Parson appeals from his conviction for aggravated assault with a deadly weapon, a second degree felony.
(footnote: 2)  We affirm the trial court's judgment.

Appellant entered an open plea of guilty to the court, and the court assessed punishment at twenty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel states that in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 3)  This court provided Appellant the opportunity to file a pro se brief, but he has declined to do so.  After an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for the appellant to see if any arguable ground could be raised on the appellant’s behalf.
(footnote: 4)
 Because Appellant pled guilty to the offense, he has waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea as long as the trial court's judgment of guilt was rendered independent of and not supported by the alleged error.
(footnote: 5)  Our independent review of the record is therefore limited to potential jurisdictional defects, the voluntariness of Appellant's plea, potential errors occurring before the plea that resulted in or support the judgment of guilt, and potential error occurring after the guilty plea. 

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.
(footnote: 6)  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
(footnote: 7)   Our review of the record also reveals nothing that would support a claim that the guilty plea was unknowing and involuntary.  The trial court admonished Appellant in writing before he pled guilty.
(footnote: 8)  The trial court did not admonish Appellant on sex offender registration requirements, but such requirements do not apply to aggravated assault.
(footnote: 9)  The trial court’s failure to admonish Appellant about the sex offender registration requirements thus did not affect the voluntariness of Appellant’s plea.  The record also reveals that no error occurred before Appellant pled guilty.  As a result, there is no appealable error under 
Young
.
(footnote: 10) 

After Appellant pled guilty, the trial court mistakenly instructed him that he could only appeal with permission of the trial court.  The court cured this error, however, after imposing the sentence, stating to Appellant that he did “have the right to appeal this conviction.”

At the punishment hearing, the trial court considered the presentence investigation report and the testimony of Appellant’s witnesses before sentencing Appellant to twenty years’ confinement.  The punishment assessed was within the range of punishment for aggravated assault.
(footnote: 11)
 After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann. 
§ 22.02(a)(2), (b) (Vernon 1994).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

5:
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).

6:
See
 
Tex. Code 
C
rim. 
P
roc. Ann.
 art. 4.05 (Vernon Supp. 2003). 

7:
See
 
Tex. Const. 
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

8:
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a), (d) (Vernon 1989 & Supp. 2003).

9:
See id.
 art. 62.01(5) (Vernon Supp. 2003).

10:
Young
, 8 S.W.3d at 656.

11:
See 
Tex. Penal Code Ann.
 § 12.33 (providing range of punishment for second degree felonies).