Betran v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-232-CR

ROGEN LEWIS BELTRAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rogen Lewis Beltran entered an open plea of guilt to burglary of a habitation as a second-degree enhanced felony.  The trial court conducted a hearing on punishment and sentenced Beltran to forty years’ confinement.  We affirm. 

Beltran’s court-appointed counsel filed a motion to withdraw and an 
Anders
(footnote: 2) brief in support stating that after a thorough review of the record, he believes any appeal in this cause would be frivolous.  The brief meets the requirements of 
Anders
 by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds of error to be advanced. 
 See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App–Fort Worth 1995, no pet).  As the reviewing court, we are required to undertake an independent evaluation of the 
record to determine whether counsel is correct in determining that the appeal is frivolous,
(footnote: 3) and after having done so, we have determined just that.  

Beltran 
entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independently of, and is not supported by, the alleged error. 
 See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  
Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Beltran's plea, potential error occurring before Beltran's plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea. 
 See Young
, 8 S.W.3d at 666-67.  

Our review of the record reveals no jurisdictional defects.  First, the trial court had jurisdiction over the case.  
See
 
Tex Code Crim. Proc. Ann
. art. 4.05 (Vernon Supp. 2004).
  
Second, the indictment conferred jurisdiction on the trial court and provided Beltran with sufficient notice.  
See
 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

Moreover, our review of the record reveals nothing that would support a claim that the guilty plea was involuntary.  The trial court properly admonished Beltran both in writing and orally
.  
The record before us also reveals no error that occurred before Beltran pled guilty.  As a result, there is no appealable error under 
Young
.
(footnote: 4)
 At the punishment hearing, Beltran and his former fiancee testified on his behalf, and the court reviewed the present investigation report
.  Beltran did not object to the contents of the report.  The court found Beltran guilty and assessed his punishment at forty years' confinement, which is within the punishment range provided for by law. 
 See
 
Tex. Penal Code Ann.
 §§
 12.32(a), 12.42(b) (Vernon 2004).  Therefore, we discern no reversible error after Beltran pled guilty.  

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 
April 15, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2: 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967). 

3: 
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923. 

4: 
Young, 
8 S.W.3d at 656.