COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS.   2-03-113-CR
           
2-03-114-CR
  
  
BRANDON 
LEANDREW TRIGG                                                 APPELLANT
   
V.
 
 
THE 
STATE OF TEXAS                                                                  STATE
   
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Brandon Leandrew Trigg appeals from two convictions of criminal mischief 
committed on August 9, 2002.  After a combined trial, a jury convicted 
Appellant of both offenses and assessed his punishment in each case at two 
years’ confinement in a state jail facility.
Anders Review
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.[2]  In the 
brief, counsel avers that, in his professional opinion, these appeals are 
frivolous.  Counsel’s brief and motion meet the requirements of Anders 
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a 
professional evaluation of the record demonstrating why there are no reversible 
grounds on appeal and referencing any grounds that might arguably support the 
appeal.  See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.—Fort 
Worth 1995, no pet.). Appellant’s counsel presents a discussion of eight areas 
of possible errors.  Appellant was provided an opportunity to file a pro se 
brief, but has not filed one.  The State has not filed an appellate brief.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Only then may we 
grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 
75, 83-84, 109 S. Ct. 346, 351 (1988).
Background
        On 
August 9, 2002, there was a multiple car accident in Lewisville.  After the 
police investigators arrived, Appellant was placed into a police vehicle.  
He was ultimately charged with two separate offenses of criminal mischief, 
$1,500 to $20,000, after he damaged two police vehicles while he was inside the 
vehicles.  At trial, his counsel attempted to convince the jury that 
Appellant was so high on a combination of drugs that he did not even know he 
caused the accident, and that the State did not prove that Appellant 
intentionally or knowingly damaged the police vehicles.
        Chris 
Shepard testified that his car was side-swiped, and the impact took off the side 
view mirror on his car.  Shepard watched as the vehicle that hit him 
attempted to drive through the middle of two lanes of traffic and in doing so, 
it drove up the back of one vehicle and jumped over the hood of another. The 
second vehicle veered back and forth and was broadsided by the first vehicle.
        The 
driver of one of these vehicles, Michael Streeter, testified that as he was 
driving, there was a loud bang on his vehicle, the passenger’s side window 
imploded, and as he looked to his right he could see the underside of a vehicle 
going along the side of his car.  It disappeared from view, and a white 
pickup truck that had been on his right was immediately in front of him and the 
front of Streeter’s vehicle was going underneath the pickup truck.
        Darryl 
Don Hurt, Jr., the driver of another vehicle, testified that he also was 
involved in the accident.  After he was able to stop his vehicle, he walked 
back to where he was told the car that had hit him was located.  He saw 
Appellant come out of the creek bottom, taking off an article of clothing.
        Several 
Lewisville police officers reported to the accident scene.  Officer Michael 
Lane, an accident reconstruction investigator, arrived at the accident scene 
thirty-five minutes after the accident occurred.  A concrete pole had been 
knocked down and a 2001 Mercury Sable had traveled down a jogging path and 
landed in a creek bed.  The registered owner of the 2001 Mercury Sable was 
Regina Trigg, at the same address used by Appellant.
        Officer 
Carla Michel responded to the scene and saw the Mercury Sable that was nose down 
in a creek area on a steep embankment.  She watched as Appellant crawled 
out of the driver’s side window and came up the steep embankment; he was only 
wearing boxer shorts.  She asked Appellant to stop and when he didn’t 
appear to comprehend, she put her hand on his arm.  Appellant jerked away 
from her and was uncooperative, so she and some firemen got him onto the ground 
and handcuffed him.  Appellant was placed in the rear seat of a police 
vehicle, unit 317.  He began kicking at the windows trying to force his way 
out, eventually breaking the window.  The police tried to gain control of 
Appellant and had to spray him with OC Spray.  Appellant was placed into 
another police vehicle, unit 313, and as he was being transported Appellant 
began banging his head on the plexiglass window behind the driver’s side, and 
eventually kicked out the back left window.  Appellant was sprayed again 
and was transported by ambulance to the hospital.  On the way to the 
hospital Appellant advised the paramedics that he had smoked some marijuana and 
formaldehyde, and that he had taken some cocaine and also smoked some crack.
        The 
damage to unit 317 was $2,413.05, and the damage to unit 313 was $4,544.50.
        Appellant 
testified that on the day of the accident he had been smoking marijuana and PCP 
and sniffing cocaine.  He does not remember the accident, being restrained 
by the police officers, or kicking out the windows in the two police cars.
Jurisdiction
        Our 
review of the record reveals no jurisdictional defects.  Venue was properly 
established to be in Denton County, Texas.  The trial court had 
jurisdiction over the cases. See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004).  Further, the indictments conferred jurisdiction on 
the trial court and provided Appellant with sufficient notice of the charges 
against him.  See Tex. Const. art. V, § 12; Duron v. State, 
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Sufficiency Of The Evidence
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 
S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually 
insufficient if it is so weak as to be clearly wrong and manifestly unjust or 
the adverse finding is against the great weight and preponderance of the 
available evidence.  Johnson, 23 S.W.3d at 11.  Therefore, we 
must determine whether a neutral review of all the evidence, both for and 
against the finding, demonstrates that the proof of guilt is so obviously weak 
as to undermine confidence in the verdict, or the proof of guilt, although 
adequate if taken alone, is greatly outweighed by contrary proof.  Id.
        We 
have previously recited the facts in detail.  Applying the appropriate 
standards of review, we find the evidence is legally and factually sufficient to 
support Appellant’s convictions.
Effective Assistance of Counsel
        We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant 
must show that his counsel's performance was deficient; second, Appellant must 
show the deficient performance prejudiced the defense.  Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 
770 (Tex. Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 813.  The issue is whether 
counsel's assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error. Strickland, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have 
rendered adequate assistance and made all significant decisions in the exercise 
of reasonable professional judgment.”  Id. at 690, 104 S. Ct. at 
2066.  An allegation of ineffective assistance must be firmly founded in 
the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness.  Thompson, 9 S.W.3d at 814.  Our scrutiny of 
counsel's performance must be highly deferential, and every effort must be made 
to eliminate the distorting effects of hindsight.  Strickland, 466 
U.S. at 689, 104 S. Ct. at 2065.
        On 
two occasions Appellant informed the trial court that he was unhappy with his 
court-appointed attorney.  On the first occasion, which occurred pre-trial, 
the trial court denied Appellant’s request for new counsel, expressing 
confidence in trial counsel.  On the second day of trial, Appellant refused 
to continue in the trial with his counsel, stating his attorney was not speaking 
on his behalf and had not filed any motions.  The trial court stated that a 
plethora of motions had been filed by counsel on Appellant’s behalf, and that 
his attorney was fighting “tooth and nail” for Appellant’s rights and was 
doing a good job for Appellant.
        The 
record reflects that Appellant’s counsel participated extensively in jury 
selection, making several objections to the State’s questions and asking 
specific questions of the venire.  Counsel gave persuasive opening and 
closing arguments and objected strenuously to alleged hearsay regarding one of 
the accident victims who did not testify.  Counsel cross-examined each 
witness and objected on numerous occasions.  Further, the trial proceedings 
were a combined trial on the two offenses of criminal mischief and a third 
offense of failure to stop and render aid, an offense for which Appellant was 
acquitted by the jury.  Our review of the entire record fails to reveal 
that counsel was ineffective.
Jury Charge
        The 
court’s charge on guilt-innocence properly defined the law, including a 
reasonable doubt definition, and properly applied the law to the facts of the 
case.  See Tex. Code Crim. Proc. Ann. art. 36.16 
(Vernon 1981).  The jury charges at both the guilt-innocence and punishment 
stages of the trial do not contain reversible error.
Punishment And Sentencing
        At 
punishment, the State introduced two prior felony convictions for burglary of a 
vehicle and unauthorized use of a motor vehicle.  Appellant stipulated to 
their admission. Appellant testified regarding his previous convictions that he 
was sentenced to five years’ confinement for each of his two prior offenses, 
to run concurrently, and he actually served two and one-half years in prison.
        The 
punishment of two years’ confinement assessed by the jury for each of the 
primary offenses is within the punishment range provided for by law.  See 
Tex. Penal Code Ann. § 
28.03(b)(4)(A) (Vernon Supp. 2004) (providing that criminal mischief is a state 
jail felony if amount of pecuniary loss is $1,500 or more but less than 
$20,000); § 12.35(a) (Vernon 2003) (providing that state jail felony punishment 
is confinement in state jail for any term of not more than two years or less 
than 180 days).  The sentences were based on admissible evidence provided 
by the State and Appellant.  The court properly sentenced Appellant to two 
years’ confinement in each case.  Our review of the record reveals no 
reversible error from the punishment or sentencing phases.
Motion to Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of these cases is 
frivolous.  Accordingly, we grant counsel’s motion to withdraw.
Conclusion
        Based 
upon our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of these 
cases. Therefore, we find no error in any of the eight areas of possible errors 
listed by counsel, grant counsel’s motion to withdraw on appeal, and affirm 
the trial court’s judgments.
 
 
                                                          DIXON 
W. HOLMAN
                                                          JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 29, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Counsel has filed one brief combining both appeals.