TRIGG V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    
NOS. 
 
2-03-113-CR

2-03-114-CR

BRANDON LEANDREW TRIGG APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Brandon Leandrew Trigg appeals from two convictions of criminal mischief committed on August 9, 2002.  After a combined trial, a jury convicted Appellant of both offenses and assessed his punishment in each case at two years’ confinement in a state jail facility.

Anders
 Review

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.
(footnote: 2)  In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant’s counsel presents a discussion of eight areas of possible errors.  Appellant was provided an opportunity to file a pro se brief, but has not filed one.  The State has not filed an appellate brief.  

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Background

On August 9, 2002, there was a multiple car accident in Lewisville.  After the police investigators arrived, Appellant was placed into a police vehicle.  He was ultimately charged with two separate offenses of criminal mischief, $1,500 to $20,000, after he damaged two police vehicles while he was inside the vehicles.  At trial, his counsel attempted to convince the jury that Appellant was so high on a combination of drugs that he did not even know he caused the accident, and that the State did not prove that Appellant intentionally or knowingly damaged the police vehicles.  

Chris Shepard testified that his car was side-swiped, and the impact took off the side view mirror on his car.  Shepard watched as the vehicle that hit him attempted to drive through the middle of two lanes of traffic and in doing so, it drove up the back of one vehicle and jumped over the hood of another.  The second vehicle veered back and forth and was broadsided by the first vehicle.

The driver of one of these vehicles, Michael Streeter, testified that as he was driving, there was a loud bang on his vehicle, the passenger’s side window imploded, and as he looked to his right he could see the underside of a vehicle going along the side of his car.  It disappeared from view, and a white pickup truck that had been on his right was immediately in front of him and the front of Streeter’s vehicle was going underneath the pickup truck.

Darryl Don Hurt, Jr., the driver of another vehicle, testified that he also was involved in the accident.  After he was able to stop his vehicle, he walked back to where he was told the car that had hit him was located.  He saw  Appellant come out of the creek bottom, taking off an article of clothing.

Several Lewisville police officers reported to the accident scene.  Officer Michael Lane, an accident reconstruction investigator, arrived at the accident scene thirty-five minutes after the accident occurred.  A concrete pole had been knocked down and a 2001 Mercury Sable had traveled down a jogging path and landed in a creek bed.  The registered owner of the 2001 Mercury Sable was Regina Trigg, at the same address used by Appellant.

Officer Carla Michel responded to the scene and saw the Mercury Sable that was nose down in a creek area on a steep embankment.  She watched as Appellant crawled out of the driver’s side window and came up the steep embankment; he was only wearing boxer shorts.  She asked Appellant to stop and when he didn’t appear to comprehend, she put her hand on his arm.  Appellant jerked away from her and was uncooperative, so she and some firemen got him onto the ground and handcuffed him.  Appellant was placed in the rear seat of a police vehicle, unit 317.  He began kicking at the windows trying to force his way out, eventually breaking the window.  The police tried to gain control of Appellant and had to spray him with OC Spray.  Appellant was placed into another police vehicle, unit 313, and as he was being transported Appellant began banging his head on the plexiglass window behind the driver’s side, and eventually kicked out the back left window.  Appellant was sprayed again and was transported by ambulance to the hospital.  On the way to the hospital Appellant advised the paramedics that he had smoked some marijuana and formaldehyde, and that he had taken some cocaine and also smoked some crack.

The damage to unit 317 was $2,413.05, and the damage to unit 313 was $4,544.50.

Appellant testified that on the day of the accident he had been smoking marijuana and PCP and sniffing cocaine.  He does not remember the accident, being restrained by the police officers, or kicking out the windows in the two police cars.

Jurisdiction

Our review of the record reveals no jurisdictional defects.  Venue was properly established to be in Denton County, Texas.  The trial court had jurisdiction over the cases.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004).  Further, the indictments conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charges against him.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

Sufficiency Of The Evidence

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789. 

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
 

We have previously recited the facts in detail.  Applying the appropriate standards of review, we find the evidence is legally and factually sufficient to support Appellant’s convictions.

Effective Assistance of Counsel

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that
 his 
counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.
 

On two occasions Appellant informed the trial court that he was unhappy with his court-appointed attorney.  On the first occasion, which occurred pre-trial, the trial court denied Appellant’s request for new counsel, expressing confidence in trial counsel.  On the second day of trial, Appellant refused to continue in the trial with his counsel, stating his attorney was not speaking on his behalf and had not filed any motions.  The trial court stated that a plethora of motions had been filed by counsel on Appellant’s behalf, and that his attorney was fighting “tooth and nail” for Appellant’s rights and was doing a good job for Appellant.

The record reflects that Appellant’s counsel participated extensively in jury selection, making several objections to the State’s questions and asking specific questions of the venire.  Counsel gave persuasive opening and closing arguments and objected strenuously to alleged hearsay regarding one of the accident victims who did not testify.  Counsel cross-examined each witness and objected on numerous occasions.  Further, the trial proceedings were a combined trial on the two offenses of criminal mischief and a third offense of failure to stop and render aid, an offense for which Appellant was acquitted by the jury.  Our review of the entire record fails to reveal that counsel was ineffective. 

Jury Charge

The court’s charge on guilt-innocence properly defined the law, including a reasonable doubt definition, and properly applied the law to the facts of the case. 
 See
 
Tex. Code Crim. Proc. Ann.
 art. 36.16 (Vernon 1981).
  The jury charges at both the guilt-innocence and punishment stages of the trial do not contain reversible error.    

Punishment And Sentencing

At punishment, the State introduced two prior felony convictions for burglary of a vehicle and unauthorized use of a motor vehicle.  Appellant stipulated to their admission.  Appellant testified regarding his previous convictions that he was sentenced to five years’ confinement for each of his two prior offenses, to run concurrently, and he actually served two and one-half years in prison.

The punishment of two years’ confinement assessed by the jury for each of the primary offenses is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 § 28.03(b)(4)(A) (Vernon Supp. 2004) (providing that criminal mischief is a state jail felony if amount of pecuniary loss is $1,500 or more but less than $20,000); § 12.35(a) (Vernon 2003) (providing that state jail felony punishment is confinement in state jail for any term of not more than two years or less than 180 days).  The sentences were based on admissible evidence provided by the State and Appellant.  The court properly sentenced Appellant to two years’ confinement in each case.  Our review of the record reveals no reversible error from the punishment or sentencing phases.

Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of these cases is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of these cases.  Therefore, we find no error in any of the eight areas of possible errors listed by counsel,
 grant counsel’s motion to withdraw on appeal, and affirm the trial court’s judgments. 

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  April 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Counsel has filed one brief combining both appeals.