COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-458-CR
  
  
MARLON 
A. SCOTT                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Marlon A. Scott appeals his conviction for aggravated sexual assault. 
Appellant’s court-appointed appellate counsel has filed a motion to withdraw 
as counsel and a brief in support of that motion. In the brief, counsel avers 
that, in his professional opinion, this appeal is frivolous. See Anders v. 
California, 386 U.S. 738, 87 S. Ct. 1396 (1967). This court provided 
Appellant the opportunity to file a pro se brief, but he did not. Because we 
hold that any appeal from this case would be frivolous, we will grant 
counsel’s motion to withdraw and affirm the trial court’s judgment.
        Appellate 
counsel’s brief and motion meet the requirements of Anders v. California 
by presenting a professional evaluation of the record demonstrating why there 
are no reversible grounds on appeal and referencing any grounds that arguably 
might support the appeal. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. 
App.—Fort Worth 1995, no pet.). The brief presents a discussion of three 
potential sources of error. In the brief’s first two points, appellate counsel 
addresses whether the trial court erred by overruling Appellant’s objection to 
the complainant’s redacted medical records. In the third point, appellate 
counsel addresses whether the trial court erred by sustaining the State’s 
objections to questions posed to the complainant during Appellant’s case on 
the grounds that they were repetitive and cumulative.
        At 
trial, the State offered all but one page of the records of the complainant’s 
post-assault medical examination. The excluded page contains test results 
reporting that the complainant’s blood tested positive for chlamydia. 
Appellate counsel points out that Appellant could argue that the trial court’s 
admitting the redacted version of the medical records violated rule of evidence 
107, the rule of optional completeness, and rule 412, which concerns evidence of 
the victim’s previous sexual conduct. Tex. 
R. Evid. 107, 412.
        Appellant 
argued at trial that evidence of the complainant’s chlamydia infection was 
relevant to her motive for accusing Appellant of sexual assault because the bite 
mark that Appellant left on her ear made it necessary for her to come up with an 
explanation for her encounter with Appellant. Appellant claimed that evidence of 
the complainant’s chlamydia was relevant because “she had obviously had sex 
with someone else, if not the boyfriend.” See Tex. R. Evid. 412(b)(2)(c), (b)(3) 
(providing that evidence of specific instances of an alleged victim’s past 
sexual behavior is not admissible unless it relates to the motive or bias of the 
alleged victim and its probative value outweighs the danger of unfair 
prejudice). However, as the trial court pointed out, it was clear that the 
complainant had sex with someone else because she testified that she was two and 
a half to three months pregnant at the time of the assault. Evidence of the 
complainant’s prior sexual activities does not imply that she would fabricate 
sexual assault charges against Appellant in this case.
        Furthermore, 
the admission of the redacted medical records did not violate rule 107 because 
the omission of the chlamydia test results did not create a misleading 
impression. See Tex. R. Evid. 
107; West v. State, 121 S.W.3d 95, 103 (Tex. App.—Fort Worth 2003, pet. 
ref’d) (stating that rule 107 permits the introduction of otherwise 
inadmissible evidence when necessary to fully and fairly explain a matter opened 
up by the adverse party); Jones v. State, 963 S.W.2d 177, 182 (Tex. 
App.—Fort Worth 1998, pet. ref’d) (“The so-called rule of optional 
completeness takes effect when other evidence has already been introduced but is 
incomplete and misleading.”) Accordingly, we cannot say that the trial court 
abused its discretion in excluding evidence of the complainant’s prior sexual 
history in the form of her sexually transmitted disease. See Robbins v. State, 
88 S.W.3d 256, 259-60 (Tex. Crim. App. 2002) (stating that a trial court does 
not abuse its discretion in making an evidentiary ruling as long as the ruling 
is within the zone of reasonable disagreement). We overrule appellate 
counsel’s first two potential grounds of error.
        Appellate 
counsel further suggests that Appellant could argue that the trial court abused 
its discretion when it sustained the State’s objections to his examination of 
the complainant as “repetitious.” When Appellant’s trial counsel 
cross-examined the complainant during the State’s case-in-chief, counsel asked 
the complainant the hours her boyfriend worked, when her boyfriend usually 
arrived home from work, when her encounter with Appellant began and ended, and 
when her boyfriend returned home from work the day of her encounter with 
Appellant. The next day, after the State rested its case, Appellant’s trial 
counsel called the complainant to the stand and asked her again what hours her 
boyfriend worked, when her boyfriend got off work, and when he arrived home from 
work. Appellant’s trial counsel also offered a chart made during the 
complainant’s cross-examination the day before that was based on the 
complainant’s cross-examination testimony. The State objected to these 
questions as repetitious and to the chart as cumulative, repetitious, and 
hearsay, and the trial court sustained the objections.
        The 
trial court judge may exercise his or her discretion to prevent repetitive 
interrogation. Carroll v. State, 916 S.W.2d 494, 498 (Tex. Crim. App. 
1996) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 
1431, 1435 (1986)). Therefore, the trial court did not err in limiting 
Appellant’s examination of the complainant because her prior responses 
sufficiently answered the questions and any response to the excluded questions 
would have been repetitive. See Van Arsdall, 475 U.S. at 679, 106 S. Ct. 
at 1435. We overrule appellate counsel’s third potential ground of error.
        Once 
court-appointed appellate counsel files a motion to withdraw on the ground that 
the appeal is frivolous and fulfills the requirements of Anders, we must 
undertake an independent examination of the record to see if there is any 
arguable ground that may be raised on the appellant’s behalf. See Stafford 
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Our independent review 
of the record shows that, in addition to the matters we have already addressed, 
there is no error that arguably might support an appeal or require reversal. 
There are no jurisdictional errors; the indictment conferred jurisdiction on the 
trial court and provided Appellant with sufficient notice to prepare a defense. See 
Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004-05); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. 
Crim. App. 1997). The trial court properly charged the jury on the charged 
offense and the applicable range of punishment, and the punishment assessed is 
within the statutory range. See Tex. 
Penal Code Ann. §§ 12.42(d), 22.021 (Vernon 2004-05). Therefore, we 
grant appellate counsel’s motion to withdraw and affirm the trial court’s 
judgment.
   
   
                                                          PER 
CURIAM
 
 
 
PANEL 
F: MCCOY, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.