COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-528-CR

 

 

JOHN PETER PULLIS                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant John Peter Pullis
appeals from a conviction for driving while intoxicated with a child passenger
committed on December 27, 2003.  A jury
convicted Appellant and assessed his punishment at twenty-four months= confinement in a state jail facility and a $10,000 fine.  The trial court sentenced Appellant
accordingly.  We will affirm.  








                                                Anders Review

Appellant=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no reversible grounds on appeal and referencing any
grounds that might arguably support the appeal. 
See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995,
no pet.).  We provided Appellant with an
opportunity to file a pro se brief, but he has not filed one.  The State did not file an appellate brief. 

In our duties as a reviewing court, we
must conduct an independent evaluation of the record to determine whether
counsel is correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Only then may we grant counsel=s motion to
withdraw.  See Penson v. Ohio, 488
U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

                                           Background








Kenne Patterson testified that on December 27, 2003 he was
driving into Granbury when he saw a car swerving on Highway 51.  The car kept swerving from one side of the
road to the other, into the oncoming traffic. 
After this occurred numerous times, Patterson called 9-1-1 on his cell
phone to report the situation so that no one would get hurt.  As the car came into town, it ran a red
light.  Patterson continued to follow the
car and called 9-1-1 a second time.  The
car kept swerving and finally drove into a Wal-Mart parking lot.  Appellant got out of the car and went inside
the store.  The police arrived and asked
Patterson to point out the driver of the car. 
Patterson identified Appellant as the driver of the car; at that time,
Appellant was in the checkout line at Wal-Mart purchasing a case of beer.








Officer Caleb Goodman is a patrol officer for the City of
Granbury Police Department.  On December
27, 2003, he received a dispatch to respond to a 9-1-1 call regarding an
intoxicated driver.  When Officer Goodman
arrived at Wal-Mart, Patterson approached him, explained what he had observed,
and pointed out the driver of the car, Appellant, who was standing at the
register inside the store.  After
Appellant completed his purchase and left the store, he walked by Officer
Goodman who smelled alcohol and stopped Appellant to speak with him. Officer
Goodman detected a strong odor of alcoholic beverage coming from Appellant=s breath and
noticed that his speech was slowed and slurred. 
Officer Goodman saw that Appellant=s eyes were
bloodshot and glassy and that he was swaying forwards, back, and side to
side.  Officer Goodman performed a
horizontal gaze nystagmus test on Appellant. 
The officer explained that there are six possible Aclues@ of intoxication
when this test is given, and Appellant exhibited six clues when given the test.
 Based upon his experience as a police
officer, Officer Goodman had a suspicion that Appellant was intoxicated.  Under questioning at the scene, Appellant
confirmed that he had been driving the car, but explained that it was because
his wife was too intoxicated to drive. 
Officer Goodman went over to the car, and although the doors were
locked, he shined his flashlight into the car and saw a female curled up in the
passenger=s seat. Another police officer got the
keys from Appellant and opened the car. 
The woman, Appellant=s wife Melissa,
was unconscious, was extremely intoxicated, and had urinated on herself.  There was a child in the rear seat in a child
safety car seat; the child appeared to be approximately two years old.








Using the information on Appellant=s identification
card, Officer Goodman ran a check through the police computers and determined
that there was an outstanding warrant for Appellant=s arrest from
Granbury Municipal Court for the offense of public intoxication.  Police transported Appellant to police
headquarters so that he could take a breath test.  At the police station Appellant told the
officer that a buddy of his had been driving the car but had Asplit@ the scene when
the police showed up.  Officer Goodman
affirmed at trial that, in his opinion, Appellant was intoxicated to the degree
that it would affect the normal use of his mental and physical facilities by
reason of the introduction of alcohol into his body.

Sergeant William E. Barton testified that he is certified
as an intoxilyzer operator and that although Appellant was initially
uncooperative, he eventually gave the two samples required for a valid
test.  Robert Browder testified that as a
technical supervisor with the Texas Department of Public Safety, he was charged
with administering the breath alcohol testing program in Hood County and that
the intoxilyzer machine was in normal operating condition on December 27,
2003.  The State introduced the test
results showing that Appellant had a blood alcohol concentration of between .10
and .093.  Browder opined that a person
who has an alcohol concentration in this range would have lost the normal use
of his mental and physical faculties for the purpose of operating a motor
vehicle.








Appellant testified that prior to December 27, 2003 his
driver=s license had been
suspended because he had been convicted of driving while intoxicated, and his
wife Melissa was supposed to do all the driving.  Melissa is an alcoholic, is bipolar, has a
rage disorder, and has a psychotic disorder. 
She takes two types of prescription medicines.  On the evening of December 27, 2003, Melissa
took her two-year-old daughter and got into the car to go buy more beer.  Melissa drove the car and Appellant sat in
the passenger=s seat; he accompanied her Ato minimize
whatever damage might happen.@  Appellant stated that he lied to the police
when he was questioned at the police station regarding who had been driving the
car; his reason was that he was not under oath at that time.  He lied because Melissa had been in trouble
with Child Protective Services in the past and he wanted her to keep custody of
her child.  Appellant admitted drinking
two sixteen-ounce cans of beer at his house before leaving in the car.

                                                    Jurisdiction

Our review of the record reveals no jurisdictional
defects.  The State properly established
venue in Hood County, Texas.  The trial
court had jurisdiction over this case.  See
Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 2005).  Further, the
indictment conferred jurisdiction on the trial court and provided Appellant
with sufficient notice of the charge against him.  See
Tex. Const. art. V, ' 12; Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

                                     Sufficiency Of The Evidence

A person commits an offense
if the person is intoxicated while operating a motor vehicle in a public place
and the vehicle is occupied by a passenger who is younger than fifteen years of
age.  Tex.
Penal Code Ann. ' 49.045
(Vernon Supp. 2005).








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004).








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment, weighing all of the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 
 In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482. 

We have previously recited the facts in detail.  Applying the appropriate standards of review,
we find that the evidence is legally and factually sufficient to support
Appellant=s conviction. 

                                                   Jury Charge

The court=s charge on guilt-innocence properly defined the law, including an
instruction regarding proof beyond a reasonable doubt, and properly applied the
law to the facts of the case.  See
Tex. Penal Code Ann. ' 2.01 (Vernon 2003); Tex. Code Crim. Proc. Ann. art.
36.16 (Vernon 1981).  The jury charges at
both the guilt-innocence and punishment phases of the trial do not contain
reversible error. 

                                     Punishment And Sentencing








At the punishment phase, the State offered evidence of a
subsequent arrest of Appellant on May 16, 2004 for driving while intoxicated,
and a copy of a judgment indicating that on August 29, 2003 Appellant had been
convicted of ADWI-Open Container.@  Appellant did not lodge any objections to
this evidence.  The jury assessed
Appellant=s punishment at twenty-four months= confinement and a
$10,000 fine.  The court sentenced
Appellant in accordance with the jury=s verdict.  An offense
under section 49.045 is a state jail felony. 
Tex. Penal Code Ann. ' 49.045(b).  The sentence
imposed is within the punishment range provided for by law.  See Tex.
Penal Code Ann. ' 12.35 (Vernon 2003). The record
demonstrates that the jury based the sentence on admissible evidence provided
by the State and Appellant.  The court
properly sentenced Appellant to twenty-four months= confinement, plus
a $10,000 fine.  Our review of the record
reveals no reversible error from the punishment or sentencing phases. 

                                Effective Assistance of Counsel

Counsel is strongly presumed
to have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment.  Strickland v. Washington, 466 U.S. 668,
690, 104 S. Ct. 2052, 2066 (1984).  Considering the
totality of the representation of Appellant=s trial counsel,
the record contains nothing that would indicate that counsel=s performance was
deficient.  See id. at 687,
104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim.
App. 1999). 








Conclusion

Based upon our independent review of this record, we have
determined that there is no error on which an appeal could be based or that would
require reversal of this case.  We grant
counsel=s motion to
withdraw on appeal and affirm the trial court=s judgment.

PER CURIAM

 

PANEL
F:  HOLMAN, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2005











[1]See Tex. R. App. P. 47.4.