COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-354-CR

TRENTON G. RENFRO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

A jury found Appellant Trenton G. Renfro guilty of burglary of a building and sentenced him to thirteen months’ confinement.  
Renfro’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  
This court provided Renfro the opportunity to file a pro se brief, but he did not.  

On October 3, 2005, Fort Worth Police Officer Sherry Alldredge was dispatched at 6:50 a.m. to 6150 Camp Bowie Boulevard in response to a burglar alarm going off at a Cingular mobile phone store.  She arrived at the address at 6:51 a.m. and observed movement at the back of the building near the dumpster.  Because she believed the movement to be a person, Officer Alldredge ordered the person, later confirmed to be Renfro, to come out from behind the dumpster.  She then took him into custody.  Renfro’s car was located about ten feet from the dumpster.

The police investigation revealed that a bathroom window located on the side of the building had been broken with a rock.  A bag containing used cell phones from the store, a “boom box” from inside the store, and toilet paper similar to that found in the broken-into bathroom were all found inside Renfro’s car.  Renfro was the only suspect located at the scene.  

After his arrest, Renfro was transported to the Fort Worth Police Department by Officer Alldredge.  During transport, Officer Alldredge did not ask Renfro any questions, but Renfro made several spontaneous statements. At trial, Officer Alldredge testified as to what Renfro said in these spontaneous statements.  Officer Alldredge testified during the guilt/innocence phase of trial that “[h]e made the statement that he should have learned from the last time that he was in prison and he wanted to know if there was any way he could get probation for this burglary.”

Renfro testified in his own defense.  Renfro’s version of events was that on his way to work that morning, he found the bag that contained the cell phones on the ground next to the dumpster.  He claimed that he stopped to see what was in the bag, and upon realizing that it contained cell phones, he thought he might be able to fix one of them.  According to Renfro, he then placed the bag and small stereo that was also on the ground next to the dumpster  into his car.  Renfro denied breaking the window and going into the building.  He did, however, admit that he had prior arrests for burglary of a habitation, possession of a controlled substance, and credit card abuse.

With regard to the spontaneous statement he made to Officer Alldredge, Renfro said that he believed the officer had trouble hearing him.  Renfro testified that he actually said that he had learned his lesson in prison, implying that he would not have burglarized this building and supporting his claim that he simply found the property on the ground next to the dumpster.

The jury found Renfro guilty.       

Renfro’s counsel presents a discussion of three potential sources of error, all regarding the trial court’s admission of Renfro’s spontaneous statement made to police after his arrest.  However, our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided Renfro with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).  The trial court properly charged the jury on the charged offense and the applicable range of punishment, and the punishment assessed is within the statutory range.  
See
 
Tex. Penal Code Ann.
 §§ 12.35, 30.02 (Vernon 2003).

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw 
and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.