COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-354-CR

 

 

TRENTON G. RENFRO                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury found Appellant
Trenton G. Renfro guilty of burglary of a building and sentenced him to
thirteen months=
confinement.  Renfro=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no reversible grounds on appeal and
referencing any grounds that arguably might support the appeal.  See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth
1995, no pet.).  This court provided
Renfro the opportunity to file a pro se brief, but he did not.  

On October 3, 2005, Fort
Worth Police Officer Sherry Alldredge was dispatched at 6:50 a.m. to 6150 Camp
Bowie Boulevard in response to a burglar alarm going off at a Cingular mobile
phone store.  She arrived at the address
at 6:51 a.m. and observed movement at the back of the building near the
dumpster.  Because she believed the
movement to be a person, Officer Alldredge ordered the person, later confirmed
to be Renfro, to come out from behind the dumpster.  She then took him into custody.  Renfro=s car was located about ten feet from the dumpster.

The police investigation
revealed that a bathroom window located on the side of the building had been
broken with a rock.  A bag containing
used cell phones from the store, a Aboom box@ from inside
the store, and toilet paper similar to that found in the broken-into bathroom
were all found inside Renfro=s car.  Renfro was the only
suspect located at the scene.  








After his arrest, Renfro was
transported to the Fort Worth Police Department by Officer Alldredge.  During transport, Officer Alldredge did not
ask Renfro any questions, but Renfro made several spontaneous statements. At
trial, Officer Alldredge testified as to what Renfro said in these spontaneous
statements.  Officer Alldredge testified
during the guilt/innocence phase of trial that A[h]e made the statement that he should have learned from the last time
that he was in prison and he wanted to know if there was any way he could get
probation for this burglary.@

Renfro testified in his own
defense.  Renfro=s version of events was that on his way to work that morning, he found
the bag that contained the cell phones on the ground next to the dumpster.  He claimed that he stopped to see what was in
the bag, and upon realizing that it contained cell phones, he thought he might
be able to fix one of them.  According to
Renfro, he then placed the bag and small stereo that was also on the ground
next to the dumpster  into his car.  Renfro denied breaking the window and going
into the building.  He did, however,
admit that he had prior arrests for burglary of a habitation, possession of a
controlled substance, and credit card abuse.








With regard to the
spontaneous statement he made to Officer Alldredge, Renfro said that he
believed the officer had trouble hearing him. 
Renfro testified that he actually said that he had learned his lesson in
prison, implying that he would not have burglarized this building and
supporting his claim that he simply found the property on the ground next to
the dumpster.

The jury found Renfro
guilty.       

Renfro=s counsel presents a discussion of three potential sources of error,
all regarding the trial court=s admission of Renfro=s spontaneous statement made to police after his arrest.  However, our independent review of the record
shows that there is no error that arguably might support an appeal or require
reversal.  There are no jurisdictional
errors.  The indictment conferred
jurisdiction on the trial court and provided Renfro with sufficient notice to
prepare a defense.  See Tex. Const. art. V, ' 12; Tex. Code Crim. Proc. Ann.
art. 4.05 (Vernon 2005); Duron
v. State, 956 S.W.2d 547, 550B51 (Tex. Crim. App. 1997).  The
trial court properly charged the jury on the charged offense and the applicable
range of punishment, and the punishment assessed is within the statutory range.  See Tex.
Penal Code Ann. '' 12.35,
30.02 (Vernon 2003).

 

 

 

 

 








Because our independent
review of the record reveals no reversible error, we agree with counsel=s professional determination that an appeal of this case is
frivolous.  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 31, 2007











[1]See Tex. R. App. P. 47.4.