COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-330-CR

 

 

STEPHEN L. POINTER                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Stephen L. Pointer
was charged by a five-count indictment with the offenses of aggravated sexual
assault and indecency with a child.  The State
waived three of the counts, and Pointer entered an open plea of guilty to the
two remaining counts of aggravated sexual assault of a child under fourteen
years of age.  Pointer also pleaded true
to the allegations in the repeat offender notice and elected to have a jury
assess his punishment.  The jury
sentenced Pointer to thirty-five years= confinement on count two of the indictment and to thirty-six years= confinement on count three of the indictment, with the sentences to
be served concurrently.

Pointer=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no reversible grounds on appeal and
referencing any grounds that arguably might support the appeal.  See Mays v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth
1995, no pet.).  This court provided
Pointer the opportunity to file a pro se brief addressing the merits of his
appeal, but he did not.[2]








 Our independent review of the record shows
that there is no error that arguably might support an appeal or require
reversal.  There are no jurisdictional
errors.  The indictment conferred
jurisdiction on the trial court and provided appellant with sufficient notice
to prepare a defense.  See Tex. Const. art. V, ' 12; Tex. Code Crim. Proc. Ann.
art. 4.05 (Vernon 2005); Duron
v. State, 956 S.W.2d 547, 550B51 (Tex. Crim. App. 1997).

Further, the trial court
admonished Pointer regarding the consequences of his guilty plea, including the
punishment range, and the record contains written plea admonishments, which
Pointer stated in open court that he had signed freely and voluntarily after
discussing them with his attorney. 
Finally, the trial court allowed Pointer to put on evidence in an
attempt to mitigate his punishment. 
Aggravated sexual assault of a child under fourteen years of age is a
first-degree felony with a penalty range of fifteen years to life imprisonment
and a fine up to $10,000 for a repeat offender. 
See Tex. Penal Code Ann.
'' 22.021, 12.42(c)(1) (Vernon Supp. 2006).  The thirty-five and thirty-six-year sentences
assessed are within the statutorily permissible range.  See id. ' 12.42(c)(1).   

 

 

 








Because our independent
review of the record reveals no reversible error, we agree with counsel=s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]Pointer
did file a pro se letter brief complaining that the reporter=s
record indicates his trial was on September 11, 2006, when it was actually held
on September 19, 2006.  If Pointer
desired to have the reporter=s record corrected, he was
required to pursue relief under Texas Rule of Appellate Procedure 34.6(e).  Tex.
R. App. P. 34.6(e).  Pointer has
not done so.  Regardless, the State does
not dispute that Pointer=s
trial took place on September 18B19, 2006.  Furthermore, the exact date of Pointer=s
trial as indicated by the reporter=s record bears no substantive
impact on the current proceedings before this court.