COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-330-CR

STEPHEN L. POINTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Stephen L. Pointer was charged by a five-count indictment with the offenses of aggravated sexual assault and indecency with a child.  The State waived three of the counts, and Pointer entered an open plea of guilty to the two remaining counts of aggravated sexual assault of a child under fourteen years of age.  Pointer also pleaded true to the allegations in the repeat offender notice and elected to have a jury assess his punishment.  The jury sentenced Pointer to thirty-five years’ confinement on count two of the indictment and to thirty-six years’ confinement on count three of the indictment, with the sentences to be served concurrently.

Pointer’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  
This court provided Pointer the opportunity to file a pro se brief addressing the merits of his appeal, but he did not.
(footnote: 2)
 Our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

Further, the trial court admonished Pointer regarding the consequences of his guilty plea, including the punishment range, and the record contains written plea admonishments, which Pointer stated in open court that he had signed freely and voluntarily after discussing them with his attorney.  Finally, the trial court allowed Pointer to put on evidence in an attempt to mitigate his punishment.  Aggravated sexual assault of a child under fourteen years of age is a first-degree felony with a penalty range of fifteen years to life imprisonment and a fine up to $10,000 for a repeat offender.  
See
 
Tex. Penal Code Ann.
 §§ 22.021, 12.42(c)(1) (Vernon Supp. 2006).  The thirty-five and thirty-six-year sentences assessed are within the statutorily permissible range.  
See 
id. § 12.42(c)(1).   

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw 
and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Pointer did file a pro se letter brief complaining that the reporter’s record indicates his trial was on September 11, 2006, when it was actually held on September 19, 2006.  If Pointer desired to have the reporter’s record corrected, he was required to pursue relief under Texas Rule of Appellate Procedure 34.6(e).  
Tex. R. App. P.
 34.6(e).  Pointer has not done so.  Regardless, the State does not dispute that Pointer’s trial took place on September 18–19, 2006.  Furthermore, the exact date of Pointer’s trial as indicated by the reporter’s record bears no substantive impact on the current proceedings before this court.