ACCEPTED
12-14-00314-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/13/2015 4:52:05 PM
Pam Estes
CLERK

**ORAL ARGUMENT NOT REQUESTED**

**NO. 12-14-00314-CR; 12-14-00315-CR;**
**12-14-00317-CR;**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

11/13/2015 4:52:05 PM

PAM ESTES
Clerk

IN THE

TWELFTH COURT OF APPEALS

AT TYLER, TEXAS

**DANIEL WAYNE MCLEMORE.**
**Appellant,**

**VS.**

**THE STATE OF TEXAS,**
**Appellee.**

APPEAL FROM THE

402ND DISTRICT COURT OF WOOD COUNTY, TEXAS

**APPELLANT'S BRIEF**

## IDENTITY OF THE PARTIES AND COUSEL

**Appellee**
**Attorney for State of Texas**
Thomas Burton
P. O. Box 689
Quitman, Texas 75783
903-763-4515

**Appellant**
Daniel Wayne McLemore
TDCJ #01965778
Dolph Briscoe Unit
1459 W. Hwy. 85
Dilley, Texas 78017

**Appellant's Attorney**
Wm. Brandon Baade
522 N. Broadway
Tyler, Texas 75702

**TABLE OF CONTENTS**

**Identity of Parties and Counsel**…………………………………………………..2

**Table of Contents**……………………………………………………..3

**Index of Authorities**…………………………………………………..4

**Statement of the Case**…………………………………………………4

**Issues Presented**…………………………………………………4

**Statement of Facts**…………………………………………………4

**Summary of the Argument**…………………………………………..6

**Argument**…………………………………………………..6

**Prayer**…………………………………………………8

## INDEX OF AUTHORITIES

*Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967)…,,,,…..6

*Duron v. State,* 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997)……………………….…………7

*Strickland v. Washington,* 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L.Ed 2d 674 (1984).…7

*Stafford v. State,* 813 S.W. 2d 503 (Tex. Crim. App. 1991)………………………………………8

## STATEMENT OF THE CASE

*Nature of case:*     This is an appeal from a conviction and punishment in three of five different cases. Trial Court Cause Nos. 22,001-2013, and 22,002-2013 being Attempted Capital Murder of a Peace Officer; Cause No. 22,003-2013 being a plea to Deadly Conduct and a Jury Sentencing Form to Deadly Conduct, but a Judgment of Conviction for Aggravated Assault with a Deadly Weapon; Cause No.22,004-2013 being Aggravated Assault with a Deadly Weapon; and Cause No. 22,005-2013 being a plea to Deadly Conduct and a Jury Sentencing Form to Deadly Conduct, but a Judgment of Conviction for Aggravated Assault with a Deadly Weapon.

*Judge/Court:*     Judge G. Timothy Boswell, 402nd District Court of Wood County.

*Trial disposition:*     The Defendant pled guilty to the charges as set forth above and was sentenced by the jury within the range of punishment in each cause number.

## STATEMENT ON ORAL ARGUMENT

Appellant is not requesting oral argument.

## ISSUE PRESENTED

**None**

## STATEMENT OF FACTS

It is undisputed that Daniel Wayne McLemore pled guilty to five separate charges. In Cause No. 22, 001-2013 Daniel Wayne McLemore plead guilty to Attempted Capital Murder of a Peace Officer or Fireman. (CR., p. 121). In Cause No. 22,002-2013 Daniel Wayne McLemore

4

plead guilty to Attempted Capital Murder of a Peace Officer or Fireman. (CR. p.58). In Cause No. 22,003-2013 Daniel Wayne McLemore plead guilty to Deadly Conduct. (CR. p.56). In Cause No. 22,004-2013 Daniel Wayne McLemore plead guilty to Aggravated Assault with a Deadly Weapon. (CR. p.55). Cause No. 22,0025-2013 Daniel Wayne McLemore plead guilty to Deadly Conduct. (CR. p.54). Daniel Wayne McLemore was admonished by the Court prior to the Court accepting his plea of guilty in each case, and Daniel Wayne McLemore swore that he understood those admonishments. (CR. Cause No. 22,001-2013; p. 115-120). Daniel Wayne McLemore was advised in each case of the range of punishment.

A consolidated jury trial, without objection, was conducted for punishment. The jury assessed punishment in Cause No. 22,001-2013 at nineteen years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 112). The jury assessed punishment in Cause No. 22,002-2013 at nineteen years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 57). The jury assessed punishment in Cause No. 22,003-2013 at ten years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 50). The jury assessed punishment in Cause No. 22,004-2013 at ten years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 49). The jury assessed punishment in Cause No. 22,005-2013 at ten years confinement in the Texas Department of Corrections Institutional Division, court cost and no fine. (CR. p. 48). A judgment in Cause Nos. 22,001-2013; 22,002-2013; and 22,004-2013 consistent with the sentenced assessed by the jury was entered. However, in Cause No. 22,003-2013 the judgment reflects that Daniel Wayne McLemore was convicted of Aggravated Assault Against a Public

5

Servant. (CR., p.51). Likewise, in Cause No. 22,005-2013 the judgment reflects that Daniel Wayne McLemore was convicted of Aggravated Assault Against a Public Servant. (CR., p.49).

## SUMMARY OF THE ARGUMENT

In a previously submitted Appellant Brief it was argued that the Judgment of Conviction in Cause No. 22,003-2013 should be reformed to reflect that Daniel Wayne McLemore pled guilty to Deadly Conduct and not Aggravated Assault Against a Public Servant and the deadly weapon finding removed. Additionally, it was argued that the Judgment of Conviction in Cause No. 22,005-2013 should be reformed to reflect that Daniel Wayne McLemore pled guilty to Deadly Conduct and not Aggravated Assault Against a Public Servant and the deadly weapon finding removed. This Honorable Court issued an opinion only on Cause Nos. 12-14-00316-CR and 12-14-00318-CR reforming the judgment as requested. The Court issued a separate order for an amended brief regarding Cause Nos. 12-14-00314-CR, 12-14-00315-CR, 12-14-00317-CR.

With regard to Cause Nos. 12-14-00314-CR, 12-14-00315-CR, and 12-14-00317-CR counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects. *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court on the Cause Numbers covered by this supplemental brief. However, counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38. Counsel has reviewed the record and has concluded that, in his

6

professional opinion, the record contains no reversible error or jurisdictional defects. *Id.* Therefore, counsel is including the following explanatory section.

## PROFESSIONAL EVALUATION OF THE RECORD

The indictments conferred jurisdiction on the trial court and provided sufficient notice of the charged offenses. See Tex Const. art V § 12; *Duron v. State,* 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The trial court has jurisdiction over the cases.

Mr. McLemore was admonished as to his rights in all cases. (CR 22,001-2013, Vol. 1, pp.115-20) and to the range of punishment in these three cases. (CR 22,001-2013, Vol. 1, pp.121-24; CR); 22,002-2013, Vol. 1, pp.58-61; 22,004-2013, Vol., pp. 55-8). He entered pleas of guilty in each of these cases and the pleas were accepted by the Court. The convictions were supported by Appellant's signed judicial confession, and the written admonishments indicate that the plea was made freely and voluntarily.

Mr. McLemore filed a Request for punishment to be assessed by the jury in each of these cases. (CR 22,001-2013, Vol. 1, p. 70; CR 22,002-2013, Vol. 1, p. 35; 22,004-2013, Vol., p. 32). A jury was properly emplaned by the Court and parties and evidenced was presented regarding punishment. The punishment assessed by the jury. The sentence assessed by the jury, and subsequently followed by the trial court is within the punishment range provided by law.

The undersigned as reviewed the record and found no arguable ground for ineffective assistance of counsel. In the present cases counsel offered pertinent evidence, and argued effectively. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's representation was defiecient. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L.Ed 2d 674 (1984).

## CONCLUSIION

Since counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw.  See *Stafford v. State,* 813 S.W. 2d 503 (Tex. Crim. App. 1991).

## PRAYER

WHEREFORE, premises considered, Counsel respectfully prays that this Court permit him to withdraw after the Court's own examination of the record in these cases and afford the Appellant his right to file any pro se brief that he may wish to file.

Respectfully submitted,

By:_____
Wm. Brandon Baade
Texas Bar Number 00793189
522 N. Broadway
Tyler, Texas 75702
brandonbaadelaw@gmail.com
903-526-5867

Attorney for Appellant
Daniel Wayne McLemore

## CERTIFICATE OF SERVICE

This is to certify that on November 13, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail to all counsel of record and interested party listed below:

**Attorney for State of Texas**
Thomas Burton
P. O. Box 689
Quitman, Texas 75783

**Appellant**
Daniel Wayne McLemore
TDCJ #01965778
Dolph Briscoe Unit
1459 W. Hwy. 85
Dilley, Texas 78017

By:_____

Wm. Brandon Baade

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 1,452 words (less than 15,000), based upon the word count of the Word program used to prepare the document.

By:_____
Wm. Brandon Baade